**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MARGARET MAES,
*Defendant-Appellant.*

No. 07-10495

D.C. No.
CR-07-00005-WBS

OPINION

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted September 8, 2008*
San Francisco, California

Filed October 10, 2008

Before: Ronald M. Gould and Carlos T. Bea, Circuit Judges,
and John W. Sedwick,** District Judge.

Opinion by Judge Gould

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable John W. Sedwick, United States District Judge for the
District of Alaska, sitting by designation.

**COUNSEL**

Daniel J. Broderick, Federal Defender, Jackie McQuarrie, Certified Law Student, and Monica Knox, Assistant Federal Defender, Sacramento, California, for appellant Margaret Maes.

McGregor W. Scott, United States Attorney, and Elana S. Landau, Assistant United States Attorney, Fresno, California, for appellee United States of America.

**OPINION**

GOULD, Circuit Judge:

Defendant-Appellant Margaret Maes ("Maes") was stopped on Department of Veterans Affairs ("VA") property by a VA police officer who had seen Maes driving the wrong way down a one-way street, and this bad driving incident had severe consequences for Maes. The officer who saw her going the wrong way summoned another officer, who in turn observed drug paraphernalia on Maes's dashboard. Upon questioning, Maes admitted that there might be drugs in the vehicle, and the officers searched the car. The search revealed a small bag of marijuana, bongs, pipes, cleaning rods, and other drug paraphernalia.

Maes was charged with one count of possession of a controlled substance in violation of 21 U.S.C. § 844(a), and with one count of driving in the wrong direction on a posted one-way street in violation of 38 C.F.R. § 1.218(b)(32). Maes pleaded not guilty and moved to dismiss the possession charge, contending that she was improperly charged under 21 U.S.C. § 844(a). She argued that she should have been charged instead solely, so far as drug possession was concerned, under 38 C.F.R. § 1.218(a)(7), a VA regulation that reads: "The introduction or possession of alcoholic beverages or any narcotic drug, hallucinogen, marijuana, barbiturate, and amphetamine on [VA] property is prohibited, except for liquor or drugs prescribed for use by medical authority for medical purposes."

A magistrate judge heard oral argument on Maes's motion to dismiss, and denied the motion in an order. Maes later withdrew her not-guilty plea as to both counts, entered a conditional guilty plea, and received a fine of $1000 and a special assessment of $25 for the first count and a fine of $25 and a special assessment of $10 on the second count. Maes then appealed the magistrate judge's order to the district court,

which held a hearing and later affirmed the magistrate judge's decision.

Maes timely appealed to this Court, again arguing that she should have been charged under the more specific VA regulation instead of the general federal possession statute. We conclude that the district court did not err by upholding the sentence under 21 U.S.C. § 844(a), and we affirm.

**[1]** A prosecutor generally has substantial latitude to choose among applicable charges: " '[W]here an act violates more than one statute, the Government may elect to prosecute under either unless the congressional history indicates that Congress intended to disallow the use of the more general statute.' " *United States v. Jones*, 607 F.2d 269, 271 (9th Cir. 1979) (quoting *United States v. Castillo-Felix*, 539 F.2d 9, 14 (9th Cir. 1976)).

**[2]** Therefore, Maes must argue here that either the VA regulation or the relevant enabling statute repealed 21 U.S.C. § 844(a). The regulation itself cannot supersede the statute for two reasons. First, as the district court noted, the VA regulations themselves contain a savings clause that expressly provides that the regulations should not be "construed to abrogate any other Federal laws or regulations . . . or any State or local laws and regulations applicable to the area in which the property is situated." 38 C.F.R. § 1.218(c)(3). Second, a regulation does not trump an otherwise applicable statute unless the regulation's enabling statute so provides. *See generally Chevron U.S.A. Inc. v. Nat'l Res. Def. Coun., Inc.*, 467 U.S. 837, 842-43 (1984).

As for the effect of the statute, the enabling statute declares: "The Secretary shall prescribe regulations to provide for the maintenance of law and order and the protection of persons and property on Department property." 38 U.S.C. § 901(a)(1). It also provides that those regulations must include rules of conduct and penalties for violations. Section

901 also addresses the possibility that the VA regulations will set a different punishment than would apply under the criminal statutes:

> The Secretary may prescribe by regulation a maximum fine less than that which would otherwise apply under the preceding sentence or a maximum term of imprisonment of a shorter period than that which would otherwise apply under the preceding sentence, or both. Any such regulation shall apply notwithstanding any provision of title 18 or any other law to the contrary.

38 U.S.C. § 901(c).

**[3]** Maes argues that, by the above-quoted language, Congress intended the VA regulations to repeal the more general criminal statutes with respect to crimes committed on VA property. However, as the government points out, the more natural reading is that the VA was merely authorized to set a lesser punishment for violations of its rules than would apply if the perpetrator were charged under the criminal statutes, with such lesser penalty to apply if the prosecutor in his or her discretion chose to charge the offense under the VA regulation rather than the more general criminal statute. That is, a person charged under the VA regulation would be punished under that regulation, even if a general statute prescribed a harsher penalty. Because section 901(c) does not explicitly repeal 21 U.S.C. § 844(a), to prevail on this appeal, Maes must rely on the proposition that 38 U.S.C. § 901(c) has repealed 21 U.S.C. § 844(a) by implication with respect to crimes committed on VA property.

As early as Blackstone's Commentaries, the notion of implied repeal has been suspect:

> Where the common law and a statute differ, the common law gives place to the statute; and an old statute

gives place to a new one. . . . But this is to be understood only when the latter statute is couched in negative terms, or where its matter is so clearly repugnant that it necessarily implies a negative.

William Blackstone, 1 *Commentaries* *89. The Supreme Court has also adopted this skepticism: "[I]t is a familiar doctrine that repeals by implication are not favored." *United States v. Tynen*, 78 U.S. 88, 92 (1871). "Where there are two acts upon the same subject, effect should be given to both if possible." *Posadas v. National City Bank of N.Y.*, 296 U.S. 497, 503 (1936). We previously said that there are two types of implied repeal:

> (1) where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one; and (2) if the later act covers the whole subject of the earlier one and is clearly intended as a substitute, it will operate similarly as a repeal of the earlier act.

*Moyle v. Director, Office of Workers' Comp. Programs*, 147 F.3d 1116, 1120 (9th Cir. 1998)(internal quotation marks and citations omitted). However, "[r]epeals by implication . . . are not favored and will only be found when the new statute is clearly repugnant, in words or purpose, to the old statute." *Id.* (internal quotation marks and citation omitted).

**[4]** Applying the preceding concepts here, we conclude that the VA enabling statute, 38 U.S.C. § 901(c), did not impliedly repeal the criminal possession statute, 21 U.S.C. § 844(a), with respect to possession on VA property. The enabling statute calls for the VA to craft regulations for "the maintenance of law and order and the protection of persons and property on Department property" and to provide penalties for the violation of those regulations. Although there is inevitably some overlap between rules for the maintenance of "law and order" on VA property, and the more general federal criminal stat-

utes, the Supreme Court has instructed that "effect should be given to both if possible." *Posadas*, 296 U.S. at 503. Here, it is possible to do so. One set of penalties would apply if a person were charged under the possession statute, while lesser penalties would apply if that person were charged under the VA regulation. The charging decision as usual rests with the prosecutor. This outcome is certainly not so "repugnant" that the statutes may not coexist, *Moyle*, 147 F.3d at 1120, and therefore we must consider 21 U.S.C. § 844(a) to be viable, and its application to this case permissible in the prosecutor's discretion. The two statutes do not collide in an irreconcilable manner, nor does the VA statute in any way appear intended to be a substitute for the more general criminal statute. Finally, displeasure with the executive branch's choice of permissible prosecutions in an exercise of prosecutorial discretion, should be expressed at the ballot box, not in court. *See Washington v. Seattle Sch. Dist. No. 1*, 458 U.S. 457, 483 (1982) (citing *Hunter v. Erickson*, 393 U.S. 385, 395 (1969) (Harlan, J., concurring)).

**[5]** Maes's reliance on *United States v. LaPorta*, 46 F.3d 152 (2d Cir. 1994), is misplaced. In *LaPorta*, one statute contained two potential charges, only a few sentences apart. *Id.* at 156. The general charge carried a mandatory minimum sentence, while the specific charge did not. *Id.* The prosecutor relied on the general charge, despite the applicability of the specific charge. *Id.* at 157. The proximity of the two statutory charges made the court skeptical that Congress could have intended the general charge to render the more specific one meaningless. *Id.* By contrast, it is entirely reasonable in this case to conclude that Congress passed 38 U.S.C. § 901 to give the VA the power to enact specific rules for VA properties without superseding the statutory criminal provisions that might otherwise be applied to crimes committed on VA property.

As the government correctly points out, Maes's position, if accepted, would lead to absurd results. No matter the type or

quantity of drugs seized on VA property, no matter if a truck with millions of dollars of drugs was interdicted on VA property, the maximum penalty would be six months in prison and a $500 fine. Given the substantial penalties for drug offenses under the criminal statutes, it is not rationally possible that Congress intended to make VA property a haven of such exceptional lenity. *See also United States v. Jones*, 607 F.2d 269, 273 (9th Cir. 1979)(rejecting an analogous argument in the context of Indian ruins: "[W]e would be required to ascribe to Congress an intent to limit the punishment of theft and depredation on Indian ruins by means of a $500 fine, no matter how great the theft or depredation. This we cannot do.").

**[6]** Maes has not shown that Congress intended the VA regulations to supersede the general criminal possession statutes. Therefore, the prosecutor's normal power to choose between available charges controls. *Jones*, 607 F.2d at 271. Maes was properly charged and sentenced under 21 U.S.C. § 844(a).

**AFFIRMED**.