# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

1996 FREIGHTLINER FLD TRACTOR
VIN 1FUYDXYB0TP822291;
1997 REFRIGERATED UTILITY
TRAILER VIN
1UYVS2539VU244116,
            *Defendants,*

ALFONSO REGALADO,
            *Claimant-Appellant.*

No. 09-15821

D.C. No.
CV 08-423-TUC-
CKJ

OPINION

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted
April 12, 2010—San Francisco, California

Filed March 11, 2011

Before: Andrew J. Kleinfeld, A. Wallace Tashima, and
Sidney R. Thomas, Circuit Judges.

Opinion by Judge Kleinfeld;
Concurrence by Judge Thomas

## COUNSEL

S. Jonathan Young, Law Offices of Williamson & Young, P.C., Tucson, Arizona, for the appellant.

Reese V. Bostwick, Assistant United States Attorney, Tucson, Arizona, for the appellee.

## OPINION

KLEINFELD, Circuit Judge:

We address the government's time limit for filing forfeiture complaints.

### I.  Facts

Regalado got caught driving a ton of marijuana across the border, hidden under a load of rotten tomatoes. He claimed lack of knowledge, but was convicted in a jury trial. The

indictment on which he was convicted charged that he "did knowingly and intentionally possess with intent to distribute."

Before trial, the Justice Department sent Regalado notice that the government had seized his truck, a Freightliner big rig, and the refrigerated trailer he had hauled with it, for forfeiture. His attorney sent timely notices of his claim as owner of the tractor and as bailee of the trailer.

After Regalado was convicted, the government filed a complaint for forfeiture. Regalado filed a verified claim for the truck and trailer, alleging that he was the owner of one and baileee of the other, and that the government's complaint was untimely. On cross-motions for summary judgment, the district court ruled in favor of the government, and Regalado appeals.

## II.  Analysis

The only issue before us is timeliness. The applicable statute and regulation can arguably be read to give the government sixty days from a claim of ownership to file a complaint, in which case the government filed too late, or ninety days, in which case its complaint was timely. Regalado's claim was received May 5, 2008, and the government's in rem complaint was filed July 30, 2008.

**[1]** The forfeiture was pursuant to 21 U.S.C. § 881(a)(4), making conveyances used to transport illegal controlled substances forfeitable.[1] That statute generally imports other stat-

---

[1]Section 881 provides in relevant part:

(a)   Subject property. The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, pos-

utes for purposes of setting out the procedure.[2] The relevant provisions are at 18 U.S.C. § 983.[3]

session, or concealment of property described in paragraph (1) ["All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter."], (2) ["All raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance or listed chemical in violation of this subchapter."], or (9) ["All listed chemicals, all drug manufacturing equipment, all tableting machines, all encapsulating machines, and all gelatin capsules, which have been imported, exported, manufactured, possessed, distributed, dispensed, acquired, or intended to be distributed, dispensed, acquired, imported, or exported, in violation of this subchapter or subchapter II of this chapter."]

21 U.S.C. § 881(a)(4).

[2] 21 U.S.C. § 881(d). That section provides in full:

The provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws; the disposition of such property or the proceeds from the sale thereof; the remission or mitigation of such forfeitures; and the compromise of claims shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under any of the provisions of this subchapter, insofar as applicable and not inconsistent with the provisions hereof; except that such duties as are imposed upon the customs officer or any other person with respect to the seizure and forfeiture of property under the customs laws shall be performed with respect to seizures and forfeitures of property under this subchapter by such officers, agents, or other persons as may be authorized or designated for that purpose by the Attorney General, except to the extent that such duties arise from seizures and forfeitures effected by any customs officer.

*Id.*

[3] 18 U.S.C. § 983. *See United States v. 144,774 Pounds of Blue King Crab*, 410 F.3d 1131, 1134 (9th Cir. 2005) ("[18 U.S.C. § 983] sets forth the procedures used in all civil forfeitures under federal law unless the particular forfeiture statute is specifically exempted in 18 U.S.C. § 983(i)(2).").

**[2]** Under 18 U.S.C. § 983, the government generally has ninety days after a claim has been filed to file a complaint for forfeiture.[4] We conclude that this time limit controls, and the government's complaint was timely.

**[3]** But there is another provision of law giving the government only sixty days, which would, if applicable, make its complaint in this case untimely. That provision, in a regulation, provides that the government must file its forfeiture complaint within sixty days of the filing of the claim and cost bond, or else the court generally must order return of the conveyance and bond.[5]

Regalado argues that because the regulation specifically addresses forfeiture of conveyances, and the statute addresses forfeitures generally, the more specific provision controls. The argument is not persuasive because 21 U.S.C. § 881, the

---

[4]18 U.S.C. § 983(a)(3)(A). That section provides in full:

Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

*Id.*

[5]21 C.F.R. § 1316.97. That section provides in full:

(a)   The United States Attorney shall file a complaint for forfeiture of the conveyance within 60 days of the filing of the claim and cost bond.

(b)   Upon the failure of the United States Attorney to file a complaint for forfeiture of a conveyance within 60 days unless the court extends the 60-day period following a showing of good cause, or unless the owner and the United States Attorney agree to such an extension, the court shall order the return of the conveyance and the return of any bond.

*Id.*

statute making 18 U.S.C. § 981 applicable, is itself addressed to conveyances.[6] The government argues that because 18 U.S.C. § 983(a)(1) says "any," and the ninety day time limit is in Section 983(a)(3), the ninety day limit applies. That argument is unpersuasive because the word "any" is in a sentence requiring the government to send its notice within sixty days of the seizure, not the ninety day time limit for complaints.

[4] The government also argues that because Regalado did not file a cost bond, he is not entitled to the sixty day time limit of the regulation.[7] This argument is correct. The regulation requiring the government to file its complaint within sixty days runs the sixty-day window not merely from filing of the claim, but from "filing of the claim and cost bond." Regalado filed only a claim, not a cost bond.

Arguably the regulation is no longer in effect, because the statute it was issued to effectuate, 21 U.S.C. § 888, was repealed, and the statute repealing 21 U.S.C. § 888 instituted the ninety-day time limit.[8] But the government conceded at oral argument that the regulation remains in effect, so we have no reason here to question whether it remains in effect. Generally, the government is bound by the regulations it imposes on itself.[9]

[5] We need not decide whether the statute "preempts" the regulation, as the government argues, because they are not in

---

[6]Section 881(a)(4) makes "conveyances" subject to forfeiture; Section 881(b) makes Section 981(b) the applicable seizure procedure.

[7]21 C.F.R. § 1316.97.

[8]Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185 (April 25, 2000).

[9]*See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265 (1954); *Church of Scientology of Cal. v. United States*, 920 F.2d 1481, 1487 (9th Cir. 1990) ("Pursuant to the *Accardi* doctrine, an administrative agency is required to adhere to its own internal operating procedures.").

conflict. We look at the words to see what they mean, and at their practical application to see whether rational lawmakers might have intended that meaning.[10] The statute and regulation can be read together to provide a consistent and coherent rational scheme. If the claimant to a conveyance files a cost bond as well as a claim, then the government has only sixty days to file a complaint. The claimant need not file a cost bond though. If the claimant files a claim but does not file a cost bond, then the government has ninety days to file a complaint.

This reading follows the literal meaning of the words. Instead of assuming that the Justice Department clumsily overlooked its own regulation, this reading attributes practical sense so that rational lawmakers might have intended it. A commercial renting company might want to bail out a conveyance its customer had used while the forfeiture litigation went forward, because the bond expense would be offset by subsequent rental revenue. But if an individual without the money or the loss of revenue concerns of a rental company, perhaps a friend who had loaned the vehicle ignorant of how it was to be used, sought its return, he could still do so without the bur-

---

[10]*See* Henry M. Hart, Jr. & Albert M. Sacks, *The Legal Process* 1378 (William N. Eskridge, Jr. & Philip P. Frickey eds., 1994) (1958); 2 Henry M. Hart Jr. & Albert M. Sacks, *The Legal Process* 1414-15 (tent. ed. 1958) ("In determining the more immediate purpose which ought to be attributed to a statute, and to any subordinate provision of it which may be involved, a court should try to put itself in imagination in the position of the legislature which enacted the measure. . . . It should assume, unless the contrary unmistakably appears, that the legislature was made up of reasonable persons pursuing reasonable purposes reasonably. . . . The court should then proceed to [ask] . . . Why would reasonable men, confronted with the law as it was, have enacted this new law to replace it? . . . The most reliable guides to an answer will be found in the instances of unquestioned application of the statute. Even in the case of a new statute there almost invariably *are* such instances, in which, because of the perfect fit of words and context, the meaning seems unmistakable. . . . What is crucial here is the realization that law is being made, and that law is not supposed to be irrational.").

den of a bond he might not be able to afford. For all we know, the Justice Department kept the regulation even though the statute it had been issued to effectuate had been repealed, just so that commercial rental businesses would retain an expedited means of getting their cars, trucks, boats, and planes back.

**[6]** Regalado did not file a cost bond. The government therefore was entitled to ninety days under 18 U.S.C. § 983. It filed within that time.

AFFIRMED.

---

THOMAS, Circuit Judge, concurring:

I join my colleagues in affirming the district court, but for a different reason. I would hold that the government's complaint was timely filed within the 90-day period provided in the statute. The regulation's 60-day time limit plainly conflicts with the statute; thus, the regulation is *ultra vires.* Because the statutory time period controls, Regalado's failure to file a cost bond is immaterial.

"Where an administrative regulation conflicts with a statute, the statute controls." *United States v. Doe*, 701 F.2d 819, 823 (9th Cir. 1983); *see also United States v. Maes*, 546 F.3d 1066, 1068 (9th Cir. 2008) ("[A] regulation does not trump an otherwise applicable statute unless the regulation's enabling statute so provides.").[1] As we have explained, CAFRA "sets forth the procedures used in *all* civil forfeitures under federal

---

[1]The 60-day time limit found in 21 C.F.R. § 1316.97 was designed to effectuate 21 U.S.C. § 888 (repealed 2000), which no longer *exists* because CAFRA repealed it. *See* Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, § 2(c)(3), 114 Stat. 210 (2000) ("Section 518 of the Controlled Substances Act (21 U.S.C. § 888) is repealed.").

law unless the particular forfeiture statute is specifically exempted in 18 U.S.C. § 983(i)(2)." *United States v. 144,774 Pounds of King Blue Crab*, 410 F.3d 1131, 1134 (9th Cir. 2005) (emphasis added); *see also* Pub. L. No. 106-185, § 21, 114 Stat. 225 (2000). Because § 983(i)(2) does not exempt the forfeiture statute by which the government proceeded against Regalado, 21 U.S.C. § 881(a)(4),**[2]** CAFRA's detailed procedures apply.

The conflict between CAFRA and the regulation is evident: the statute gives the government up to 90 days to file a complaint for forfeiture, while the regulation provides only 60 days. The plain meaning of CAFRA, as well as its repeal of 21 U.S.C. § 888, powerfully express Congress's intent that the statute's 90-day time limit trumps that of the regulation. Where it applies, the statute plainly sets a 90-day time limit on complaints for forfeiture by the government, without conditions. *See 144,774 Pounds of King Blue Crab*, 410 F.3d at 1134.

Of additional significance are the statutory provisions repealed by CAFRA. In passing CAFRA, Congress repealed provisions setting out the very procedure at issue here. Under 21 U.S.C. § 888, which CAFRA repealed, the owner of a conveyance could petition the Attorney General for an "expedited decision" if the conveyance was seized for a drug-related offense and the owner "filed the requisite *claim and cost bond*." 21 U.S.C. § 888(a)(1) (repealed 2000) (emphasis added). Upon such a filing, the statute (like the regulation) required the Attorney General to file a complaint for forfeiture within 60 days. 21 U.S.C. § 888(c) (repealed 2000).

---

**[2]**Section 983(i)(2) defines the term "civil forfeiture statute" to mean "any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense," § 983(i)(1), and excludes, *inter alia*, the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 301 *et seq.*), § 983(i)(2)(C). The government seized Regalado's property under 21 U.S.C. § 881, which is not excluded by § 983(i)(2).

CAFRA, by contrast, does not provide for the filing of a cost bond with the claim, and it establishes a uniform 90-day time limit for the government to file complaints for forfeiture. In short, Congress ended the practice of requiring a cost bond. It should follow that Congress intended CAFRA to override administrative regulations similar in content and promulgated pursuant to the repealed provisions.

In addition, CAFRA reduced the Attorney General's regulatory authority in this area. Whereas 21 U.S.C. § 888 directed the Attorney General to prescribe general implementing regulations, CAFRA contains no such directive. Compare 21 U.S.C. § 888(a)(4) (repealed 2000) *with* Pub. L. No. 106-185 (2000). CAFRA's sole reference to regulations comes in what has become 18 U.S.C. § 983(a)(3)(B), which briefly refers to "regulations promulgated by the Attorney General." Unlike § 888, which spoke in broad terms and directed the Attorney General to create implementing regulations, CAFRA enacted detailed statutory procedures and left seemingly little to regulatory elaboration. These differences should give us further pause before suggesting that 21 C.F.R. § 1316.97 remains operative in cases like Regalado's.

Given the plain meaning of CAFRA and the circumstances of its passage, I would hold that the 90-day time limit specified by the statute supercedes the conflicting 60-day time limit found in the out-dated regulations. The government timely filed within the statutory period. I would affirm the judgment of the district court on that basis.