THOMAS, Circuit Judge,
concurring:
I join my colleagues in affirming the district court, but for a different reason. I would hold that the government’s complaint was timely filed within the 90-day period provided in the statute. The regulation’s 60-day time limit plainly conflicts with the statute; thus, the regulation is ultra vires. Because the statutory time period controls, Regalado’s failure to file a cost bond is immaterial.
“Where an administrative regulation conflicts with a statute, the statute controls.” United States v. Doe, 701 F.2d 819, 823 (9th Cir.1983); see also United States v. Maes, 546 F.3d 1066, 1068 (9th Cir.2008) (“[A] regulation does not trump an otherwise applicable statute unless the regulation’s enabling statute so provides.”).[1] As *1118 we have explained, CAFRA “sets forth the procedures used in all civil forfeitures under federal law unless the particular forfeiture statute is specifically exempted in 18 U.S.C. § 983(i)(2).” United States v. 144, 774 Pounds of Blue King Crab, 410 F.3d 1131, 1134 (9th Cir.2005) (emphasis added); see also Pub.L. No. 106-185, § 21, 114 Stat. 225 (2000). Because § 983(i)(2) does not exempt the forfeiture statute by which the government proceeded against Regalado, 21 U.S.C. § 881(a)(4),[2] CAFRA’s detailed procedures apply.
The conflict between CAFRA and the regulation is evident: the statute gives the government up to 90 days to file a complaint for forfeiture, while the regulation provides only 60 days. The plain meaning of CAFRA, as well as its repeal of 21 U.S.C. § 888, powerfully express Congress’s intent that the statute’s 90-day time limit trumps that of the regulation. Where it applies, the statute plainly sets a 90-day time limit on complaints for forfeiture by the government, without conditions. See 144,774 Pounds of Blue King Crab, 410 F.3d at 1134.
Of additional significance are the statutory provisions repealed by CAFRA. In passing CAFRA, Congress repealed provisions setting out the very procedure at issue here. Under 21 U.S.C. § 888, which CAFRA repealed, the owner of a conveyance could petition the Attorney General for an “expedited decision” if the conveyance was seized for a drug-related offense and the owner “filed the requisite claim and cost bond.” 21 U.S.C. § 888(a)(1) (repealed 2000) (emphasis added). Upon such a filing, the statute (like the regulation) required the Attorney General to file a complaint for forfeiture within 60 days. 21 U.S.C. § 888(c) (repealed 2000). CAFRA, by contrast, does not provide for the filing of a cost bond with the claim, and it establishes a uniform 90-day time limit for the government to file complaints for forfeiture. In short, Congress ended the practice of requiring a cost bond. It should follow that Congress intended CAFRA to override administrative regulations similar in content and promulgated pursuant to the repealed provisions.
In addition, CAFRA reduced the Attorney General’s regulatory authority in this area. Whereas 21 U.S.C. § 888 directed the Attorney General to prescribe general implementing regulations, CAFRA contains no such directive. Compare 21 U.S.C. § 888(a)(4) (repealed 2000) with Pub.L. No. 106-185 (2000). CAFRA’s sole reference to regulations comes in what has become 18 U.S.C. § 983(a)(3)(B), which briefly refers to “regulations promulgated by the Attorney General.” Unlike § 888, which spoke in broad terms and directed the Attorney General to create implementing regulations, CAFRA enacted detailed statutory procedures and left seemingly little to regulatory elaboration. These differences should give us further pause before suggesting that 21 C.F.R. § 1316.97 remains operative in cases like Regalado’s.
Given the plain meaning of CAFRA and the circumstances of its passage, I would hold that the 90-day time limit specified by the statute supercedes the conflicting 60-day time limit found in the out-dated regulations. The government timely filed within the statutory period. I would af *1119 firm the judgment of the district court on that basis.

. The 60-day time limit found in 21 C.F.R. § 1316.97 was designed to effectuate 21 U.S.C. § 888 (repealed 2000), which no longer exists because CAFRA repealed it. See Civil Asset Forfeiture Reform Act of 2000, Pub.L. No. 106-185, § 2(c)(3), 114 Stat. 210 (2000) ("Section 518 of the Controlled Substances Act (21 U.S.C. § 888) is repealed.”).

. Section 983(i)(2) defines the term "civil forfeiture statute" to mean "any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense," § 983(i)(l), and excludes, inter alia, the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 301 et seq.), § 983(i)(2)(C). The government seized Regalado's property under 21 U.S.C. § 881, which is not excluded by § 983(i)(2).