

**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO BRAVO-BRAVO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.  20-71042<br><br>Agency No. A075-265-535<br><br>ORDER AND<br>AMENDED OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022[*]
Seattle, Washington

Before:  Richard R. Clifton and Sandra S. Ikuta, Circuit Judges, and Karen K. Caldwell,[**] District Judge.

Order;
Opinion by Judge Ikuta

---

[*]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[**]    The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

# SUMMARY***

## Immigration

The panel filed: 1) an order amending the opinion filed July 18, 2022; and 2) an amended opinion denying Ricardo Bravo-Bravo's petition for review of a decision of the Board of Immigration Appeals.

In the amended opinion, the panel held that: 1) 8 U.S.C. § 1231(a)(5), which generally bars reopening reinstated orders of removal, is not subject to an exception for removal orders that result in a gross miscarriage of justice; and 2) the agency lacks authority to reopen such reinstated removal orders sua sponte.

Relying on *Cuenca v. Barr*, 956 F.3d 1079 (9th Cir. 2020), the BIA concluded that the IJ lacked jurisdiction to reopen Bravo-Bravo's removal order because the order had been reinstated under § 1231(a)(5). The panel explained that an alien may generally not reopen the reinstated prior removal order or proceeding, because the BIA must deny a motion to reopen for lack of jurisdiction under § 1231(a)(5), and this court will deny a petition to review that denial.

Bravo-Bravo argued that the IJ had jurisdiction over his motion because an alien may collaterally challenge a removal order when it results in a gross miscarriage of justice. The panel concluded that this argument was not cognizable in the context of this current appeal, explaining that an alien may raise such a collateral attack, but only in a petition for review of a reinstatement proceeding or order. By contrast, as explained in *Cuenca*, Bravo-Bravo's motion to reopen was barred by § 1231(a)(5) such that neither the IJ nor the BIA had jurisdiction over his collateral challenge.

Second, Bravo-Bravo argued that, because the IJ had authority under the then-applicable regulation to "reopen or reconsider any case in which he or she has made a decision," at any time, 8 C.F.R. § 1003.23(b)(1) (2020), the IJ retained such authority notwithstanding § 1231(a)(5). The panel disagreed, explaining that *Cuenca* read § 1231(a)(5) to unambiguously bar reopening a reinstated removal order and to divest the BIA of jurisdiction to reopen a removal proceeding after

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

reinstatement. The panel further explained that, although the then-applicable regulation gave the agency the authority to reopen cases sua sponte, that regulation did not expressly provide that such authority overrode § 1231(a)(5). Nor could it, the panel observed, given that a regulation does not trump an otherwise applicable statute unless the regulation's enabling statute so provides.

## COUNSEL

Sylvia L. Esparaza, Law Office of Sylvia L. Esparaza, Las Vegas, Nevada; Kristin A. Macleod-Ball and Trina A. Realmuto, National Immigration Litigation Alliance, Brookline, Massachusetts; for Petitioner.

Edward C. Durant, Attorney; Claire L. Workman, Senior Litigation Counsel; John W. Blakeley, Assistant Director; Brian M. Boynton, Acting Assistant Attorney General; United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.; for Respondent.

**ORDER**

The opinion filed on July 18, 2022, is amended as follows.  On slip opinion page 5, footnote 2, add <The current regulation has been stayed and preliminarily enjoined.  *See Cath. Legal Immigr. Network, Inc. v. Exec. Office for Immigr. Rev.*, No. 21-00094, 2021 WL 3609986 at *1 (D.D.C. Apr. 4, 2021); *Centro Legal de la Raza v. Exec. Office for Immigr. Rev.*, 524 F. Supp. 3d 919, 928 (N.D. Cal. 2021). We do not express a view on the current status of the regulation or the impact of the stays. >.  On slip opinion page 11,  replace <former> with <then-applicable>. On slip opinion page 12, delete footnote 7.

The respondent's motion to amend (Dkt.  51) is hereby granted in part and denied in part.

The time to file a petition for rehearing or petition for rehearing en banc is not extended by this amendment.  The petition for rehearing or petition for rehearing en banc is due on or before December 6, 2022.

**OPINION**

Under the Immigration and Nationality Act, if an alien has reentered the United States illegally after having been removed, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed." 8 U.S.C. § 1231(a)(5). In this case, an alien subject to such a reinstated removal order claims there is an exception to § 1231(a)(5) for removal orders that result in a gross miscarriage of justice or alternatively, that the immigration agency has authority to reopen such removal orders sua sponte. Because neither of these exceptions overrides the unambiguous bar on reopening in § 1231(a)(5), we deny the alien's petition for review.

I

Ricardo Bravo-Bravo seeks review of an opinion by the Board of Immigration Appeals (BIA), which upheld a decision by the immigration judge (IJ) denying his motion to reopen his prior removal proceedings. Before addressing the merits of Bravo-Bravo's appeal, we provide background regarding the applicable legal framework.

After an alien has been ordered removed from the United States, the alien generally may file only one motion to reopen proceedings, and must do so within 90 days of the date the final order of removal was entered. 8 U.S.C.

2

§ 1229a(c)(7).[1]  An alien may also ask the IJ or BIA to reopen proceedings sua sponte.  8 C.F.R. §§ 1003.2(a), 1003.23(b)(1).[2]

If the alien "takes matters into his own hands and unlawfully reenters the United States" after being removed, *Cuenca v. Barr*, 956 F.3d 1079, 1082 (9th Cir. 2020), an immigration officer may reinstate the prior removal order.  8 U.S.C.

---

[1] There is no time limit for filing a motion to reopen under certain circumstances related to changed conditions in the country to which the alien is ordered removed, or if the basis for removal relates to domestic violence.  8 U.S.C. § 1229a(c)(7)(C)(ii), (iv).

[2] At the time the agency ruled in this case, the applicable regulation permitted an IJ to "upon his or her own motion at any time . . . reopen or reconsider any case in which he or she has made a decision."  8 C.F.R. § 1003.23(b)(1) (2020). After revisions in January 15, 2021, the regulation now states that an IJ may reopen a case "solely in order to correct a ministerial mistake or typographical error in that decision or to reissue the decision to correct a defect in service."  8 C.F.R. § 1003.23(b)(1) (2021).  The current regulation has been stayed and preliminarily enjoined.  *See Cath. Legal Immigr. Network, Inc. v. Exec. Office for Immigr. Rev.*, No. 21-00094, 2021 WL 3609986 at *1 (D.D.C. Apr. 4, 2021); *Centro Legal de la Raza v. Exec. Office for Immigr. Rev.*, 524 F. Supp. 3d 919, 928 (N.D. Cal. 2021).  We do not express a view on the current status of the regulation or the impact of the stays.

§ 1231(a)(5).[3]  In such a case, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry." *Id*. Section 1231(a)(5) "explicitly insulates the [underlying] removal orders from review, and generally forecloses discretionary relief from the terms of the reinstated order." *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 35 (2006).  Despite this bar, we have jurisdiction to review certain challenges to the reinstatement proceedings and orders under 8 U.S.C. § 1252(a)(2)(D) (giving circuit courts jurisdiction to hear "constitutional claims or questions of law").  First, we may review an alien's claims that the agency failed to comply with applicable reinstatement regulations in conducting the reinstatement proceeding.  *See Garcia de Rincon v. Dep't of Homeland Security*, 539 F.3d 1133, 1137 (9th Cir. 2008). Second, we may review an alien's "collateral attack on the underlying removal

---

[3] 8 U.S.C. § 1231(a)(5) provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

4

order . . . if the [alien] can show that he has suffered a gross miscarriage of justice" in the initial removal proceedings. *Cuenca*, 956 F.3d at 1087) (quoting *Garcia de Rincon*, 539 F.3d at 1138) (internal quotation marks omitted).

While we have jurisdiction to review the reinstatement order and proceedings under the circumstances described above, an alien is barred by § 1231(a)(5) from bringing a motion to reopen a reinstated removal order under § 1229a(c)(7). *Id.*[4] This "bar is a consequence of having reentered unlawfully," which makes the alien subject to a "less favorable legal regime," including "forfeiture of the right to reopen under § 1229a(c)(7)." *Id.* at 1082, 1087. Such forfeiture "is the clear import of the statute's unambiguous text." *Gutierrez-Zavala v. Garland*, 32 F.4th 806, 809 (9th Cir. 2022) (citing *Cuenca*, 956 F.3d at 1084). Accordingly, the BIA is required to deny such a motion to reopen for lack of jurisdiction. *Id*. at 810. Although we have jurisdiction to review the denial of a motion to reopen a reinstated removal order for legal or constitutional error, *see Nath v. Gonzales*, 467 F.3d 1185, 1188 (9th Cir. 2006) (citing 8 U.S.C. § 1252(a)(2)(D)), our review is generally limited to ascertaining that the BIA was

---

[4] There is one exception to this general rule. An alien "retains the right conferred by [8 U.S.C.] § 1229a(b)(5)(C)(ii), to seek rescission of a removal order entered *in absentia*, based on lack of notice, by filing a motion to reopen 'at any time.'" *Miller v. Sessions*, 889 F.3d 998, 1002–03 (9th Cir. 2018).

required to deny such a motion for lack of jurisdiction, *see Gutierrez-Zavala*, 32 F.4th at 810–11.  Even if the BIA denied the motion to reopen on non-jurisdictional grounds, we do not remand the petition to the agency (notwithstanding "the "venerable *Chenery* doctrine" that our review is typically limited to the reasons given by the agency).  *Id.* at 810 (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)).  This is because the BIA's denial of a motion to reopen a reinstated removal order is "[t]he necessary and certain result of § 1231(a)(5)'s bar and our decision in *Cuenca*," and we need not engage in the "idle and useless formality" of remand.  *Id.* (quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) (plurality opinion)).

In summary, an alien may file a timely petition for review of a reinstated removal order on several grounds.[5]  First, the alien may challenge errors or defects in the reinstatement proceeding or reinstatement order.  Second, the alien may collaterally attack the removal order underlying the reinstatement order, provided that the alien can claim there was a gross miscarriage of justice in the proceedings resulting in the underlying removal order.  But the alien may generally not reopen

---

[5] Although "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal," 8 U.S.C. § 1252(b)(1), we have held that the thirty days runs from the date of the final reinstatement order. *Vega-Anguiano v. Barr*, 982 F.3d 542, 545 (9th Cir. 2019).

6

the reinstated prior removal order or proceeding, because the BIA must deny a motion to reopen for lack of jurisdiction under § 1231(a)(5), and we will deny a petition to review that denial. *Gutierrez-Zavala*, 32 F.4th at 810.

II

We now turn to the facts of this case. Bravo-Bravo is a native and citizen of Mexico whose status was adjusted to that of a lawful permanent resident in 1997. After his adjustment of status, Bravo-Bravo was convicted of four separate crimes in Washington state court, including for the offense of criminal delivery of a controlled substance in July 2002, *see* Wash. Rev. Code § 69.50.401(a)(1). Because at that time the July 2002 conviction qualified as an aggravated felony under immigration law, 8 U.S.C. § 1101(a)(43)(B), Bravo-Bravo was therefore removable under 8 U.S.C. § 1227(a)(2)(A)(iii). At the removal hearing on June 9, 2003, Bravo-Bravo was ordered removed to Mexico, and was subsequently removed.

Some time later, Bravo-Bravo illegally reentered the United States. *See Bravo-Bravo v. Barr*, 808 F. App'x 593, 594 (9th Cir. 2020). In 2016, the government detained Bravo-Bravo and reinstated his 2003 removal order under § 1231(a)(5). *Id.* at 593–94.

In January 2017, Bravo-Bravo filed a petition for review of the reinstatement order. *Id.* at 593. Bravo-Bravo argued that "the reinstatement was improper because his reentry to the United States was not illegal, and that his underlying removal order constituted a gross miscarriage of justice." *Id.* at 593–94. We rejected both claims, however, in a memorandum disposition filed June 12, 2020. *Id.* First, we held that Bravo-Bravo's reentry into the United States was illegal, because he deceived the border control agent into thinking he was authorized to enter the country. *Id.* at 594. Second, we held that his collateral attack on his prior removal order failed. Bravo-Bravo had argued that his prior removal order was unjust because "his state conviction serving as the basis of his removal was expunged by the state court, and because this court subsequently held that a conviction under Wash. Rev. Code § 69.50.401(a)(1) is not an aggravated felony." *Id.* We rejected this argument, holding that even if the state court had expunged Bravo-Bravo's crime, "that expungement does not speak to the fairness of his underlying removal proceeding." *Id.* Given that the Washington conviction "was an aggravated felony at the time [Bravo-Bravo] was convicted," we concluded there was no miscarriage of justice. *Id.*

While Bravo-Bravo's petition for review of the reinstatement order and proceeding was still pending, Bravo-Bravo filed a motion with the IJ to reopen his

2003 removal order and proceedings under 8 U.S.C. § 1229a(c)(7), or in the alternative to exercise the sua sponte authority to reopen the removal order and proceedings under 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1).  In asking the IJ to reopen his original removal order and proceedings, Bravo-Bravo reiterated the argument he had raised in his petition for review of the reinstated removal order: that his 2002 conviction had been expunged by the Washington state court and the offense was no longer categorized as an aggravated felony.  Although Bravo-Bravo recognized that a motion to reopen had to be filed within 90 days after the entry of a final order of removal, 8 U.S.C. § 1229a(c)(7), 8 C.F.R. § 1003.23(b)(1), he argued that the deadline should be equitably tolled.  In the alternative, Bravo-Bravo asked the IJ to sua sponte reopen the 2003 removal order and proceedings under 8 C.F.R. § 1003.23.

In May 2019, the IJ denied the motion to reopen as untimely and rejected Bravo-Bravo's arguments for equitable tolling.  The IJ declined to sua sponte reopen the prior removal order and proceedings due to the absence of exceptional circumstances.  Bravo-Bravo filed an administrative appeal, which the BIA dismissed.  Relying on *Cuenca*, the BIA held that 8 U.S.C. § 1231(a)(5) constitutes a "permanent jurisdictional bar" to reopening the prior removal order, and

9

therefore the IJ lacked jurisdiction to reopen Bravo-Bravo's removal order and proceedings. Bravo-Bravo timely petitioned for review.[6]

### III

Our jurisdiction to review the denial of Bravo-Bravo's motion to reopen is limited to determining whether the BIA erred in concluding that the IJ lacked jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D). "Although we review the BIA's denial of a motion to reopen for an abuse of discretion, purely legal questions receive *de novo* review." *Cuenca*, 956 F.3d at 1084. Whether § 1231(a)(5) bars the agency from reopening a prior removal order and proceeding on Bravo-Bravo's motion under § 1229a(c)(7) or sua sponte under 8 C.F.R. § 1003.23(b)(1) are questions of law we review *de novo*. *Id.*

On appeal, Bravo-Bravo first argues that the IJ had jurisdiction to consider his motion to reopen his 2003 removal order and proceedings because an alien may collaterally challenge a removal order when it results in a gross miscarriage of justice. As he did in his first petition for review of his reinstatement proceeding and order, Bravo-Bravo argues that his initial removal order was unjust. But this

---

[6] Bravo-Bravo filed this petition for review in April 2020. In June 2021, Bravo-Bravo filed an unopposed motion to refer his petition to the Ninth Circuit's Mediation Office, which we granted. After mediation efforts proved unsuccessful, we resumed consideration of the petition.

time he raises a new theory of injustice: he argues that his underlying conviction, which served as the sole predicate for his removal, was expunged because the state court held that his defense counsel failed to inform him of the immigration consequences of his guilty plea, which amounted to a violation of his right to counsel under the Sixth Amendment.

We reject this argument, because it is not cognizable in the context of this current appeal. An alien such as Bravo-Bravo may make a collateral attack on the underlying removal order on the ground that it results in a gross miscarriage of justice, but only in a petition for review of a reinstatement proceeding or order. *Cuenca*, 956 F.3d at 1087. Indeed, Bravo-Bravo raised a related challenge in his petition for review of his reinstatement order, which we rejected. *Bravo-Bravo*, 808 F. App'x at 594. By contrast, as explained in *Cuenca*, Bravo-Bravo's motion to reopen a reinstated prior removal order is barred under § 1231(a)(5). Neither the IJ nor the BIA had jurisdiction to address Bravo-Bravo's arguments regarding the underlying removal order. Our jurisdiction is limited to determining whether the BIA made a legal error in dismissing Bravo-Bravo's appeal. It did not, because the BIA correctly determined that it lacked jurisdiction over Bravo-Bravo's collateral challenge.

Second, Bravo-Bravo argues that the BIA erred in holding that the IJ lacked jurisdiction to reopen his prior removal order and proceedings sua sponte. Because the IJ had authority under the then-applicable regulation to "reopen or reconsider any case in which he or she has made a decision," at any time, 8 C.F.R. § 1003.23(b)(1) (2020), Bravo-Bravo argues, the IJ retained such authority in his case notwithstanding the statutory bar in § 1231(a)(5).

We disagree. *Cuenca* read the language of § 1231(a)(5) "to unambiguously bar reopening a reinstated prior removal order" and to divest the BIA "of jurisdiction to reopen a removal proceeding after reinstatement of the underlying removal order." 956 F.3d at 1084. Although the then-applicable regulation cited by Bravo-Bravo gave the BIA and the IJ the authority to reopen cases sua sponte, that regulation did not expressly provide that such authority overrode the language of § 1231(a)(5) precluding the agency from reopening a reinstated prior removal order. Nor could it, given that "a regulation does not trump an otherwise applicable statute unless the regulation's enabling statute so provides." *United States v. Maes*, 546 F.3d 1066, 1068 (9th Cir. 2008). This case is therefore unlike *Miller*, where a statute gave aliens the right to seek a motion to reopen "at any time if the alien demonstrates that the alien did not receive notice" of the agency's decision. *See* 889 F.3d at 999 n.1 (citing 8 U.S.C. § 1229a(b)(5)(C)(ii)). As the

12

Fifth Circuit explained in rejecting a similar argument relating to the BIA's sua sponte reopening authority, under § 1231(a)(5), an alien's prior removal order and proceedings are "'not subject to being reopened,' and the regulation providing the BIA's *sua sponte* reopening authority cannot override that command." *Rodriguez-Saragosa v. Sessions*, 904 F.3d 349, 355 (5th Cir. 2018).[7]

**PETITION DENIED.**

---

[7] Bravo-Bravo urges us to overrule *Cuenca* because its interpretation of § 1231(a)(5) is not reconcilable with other Ninth Circuit precedents. Because we are bound by our precedent unless its reasoning is "clearly irreconcilable with the reasoning of intervening higher authority," *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), we reject this argument.