

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 09 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUSTAVO ESCOBEDO-FERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-71781 <br><br> Agency No. A030-794-842 <br><br> MEMORANDUM[*] |
| GUSTAVO ESCOBEDO-FERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-72860 <br><br> Agency No. A030-794-842 |
| GUSTAVO ESCOBEDO-FERNANDEZ, <br><br> Petitioner, <br><br> v. | No. 09-73854 <br><br> Agency No. A030-794-842 |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 6, 2012
San Francisco, California

Before: TROTT and RAWLINSON, Circuit Judges, and BLOCK, Senior District Judge.[**]

Petitioner Gustavo Escobedo-Fernandez (Escobedo) seeks review of the reinstatement by the Department of Homeland Security (DHS) of his 1997 order of deportation. He also challenges the dismissal by the Board of Immigration Appeals (BIA) of his two motions to reopen and his motion to reconsider.

**1.** This court lacks jurisdiction to review the DHS's reinstatement of Escobedo's 1997 order of deportation because he did not appeal that order to the BIA. *See Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008) (recognizing that other jurisdictional limitations within 8 U.S.C. § 1252

---

[**]     The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

remain applicable); *see also* 8 U.S.C. § 1252(d)(1) (requiring administrative exhaustion).

**2.** The BIA properly dismissed Escobedo's motions to reopen and his motion to reconsider for lack of jurisdiction. Because the DHS reinstated Escobedo's prior order of deportation, he was statutorily barred from seeking review of the underlying order of deportation. *See* 8 U.S.C. § 1231(a)(5) ("If the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed . . ."); *see also Padilla v. Ashcroft*, 334 F.3d 921, 924 (9th Cir. 2003) ("[T]he reinstatement statute . . . bars review of [underlying deportation] order[s] either directly or collaterally.") (citations omitted).

**PETITION DENIED.**