**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFONSO PADILLA CUENCA, *Petitioner*, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, *Respondent.* | No. 16-72378 <br><br> Agency No. A088-890-971 <br><br><br> ORDER AND AMENDED OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 11, 2019
San Francisco, California

Filed November 13, 2019
Amended April 14, 2020

Before: Mary M. Schroeder and Milan D. Smith, Jr.,
Circuit Judges, and Douglas L. Rayes,* District Judge.

Order;
Opinion by Judge Rayes

---

* The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

## SUMMARY**

---

### Immigration

The panel filed: 1) an order amending its November 13, 2019, opinion, denying panel rehearing and denying, on behalf of the court, rehearing en banc; and 2) an amended opinion denying Fernando Padilla Cuenca's petition for review of a decision of the Board of Immigration Appeals. In the amended opinion, the panel held that 8 U.S.C. § 1231(a)(5), which empowers an immigration officer to reinstate a prior removal order, permanently bars reopening of the prior removal order under 8 U.S.C. § 1229a(c)(7).

After being physically removed pursuant to an immigration judge's order of removal in 2008, Padilla unlawfully reentered the United States. Thereafter, the Department of Homeland Security ("DHS") apprehended Padilla and proceeded to reinstate his prior removal order. DHS did not execute the reinstated order, however, because an immigration officer determined that Padilla had a reasonable fear of persecution and torture if removed to Mexico and referred his case to Immigration Court for withholding of removal proceedings.

Despite his ongoing withholding of removal proceeding, Padilla sought to reopen his 2008 removal proceeding in order to apply for asylum, which offers broader protection than withholding. He filed a motion to reopen pursuant to 8 U.S.C. § 1229a(c)(7), which allows an alien to move to reopen his removal proceeding within 90 days of a final

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

removal order based on new, material facts that could not have been discovered or presented at the original hearing. As relevant here, Padilla contended that his underlying removal proceedings violated due process because he was not mentally competent to represent himself. However, the BIA concluded that 8 U.S.C. § 1231(a)(5), which provides for reinstatement of a prior order and states that the prior order "is not subject to be reopened or reviewed," barred reopening of Padilla's 2008 order because it had been reinstated.

The panel held that the language of § 1231(a)(5) unambiguously and permanently bars reopening a reinstated prior removal order, noting that the Fifth and Seventh Circuits likewise interpreted the statute as a permanent bar. The panel also explained that this plain reading of the statute comports with the statute's clear Congressional purpose: expanding the types of orders that can be reinstated and limiting the relief available to aliens whose orders have been reinstated.

Agreeing with the Fifth Circuit that § 1231(a)(5) provides that an alien forfeits the right to file a motion to reopen by reentering the country illegally, the panel rejected Padilla's contention that a strict reading of § 1231(a)(5) would create a conflict with § 1229a(c)(7) by eviscerating an alien's right to file a motion to reopen.

Padilla also contended that § 1231(a)(5) imposed a temporal limit on the bar to reopening such that the bar applies only during the time an immigration officer spends complying with the regulatory prerequisites to reinstatement, but once the prior removal order has been reinstated the bar to reopening is lifted. Padilla relied on this court's decisions in *Morales-Izquierdo v. Gonzales*, 486 F.3d 484 (9th Cir. 2007) (en banc), which stated that

reinstatement creates no new obstacles to attacking the validity of a prior removal order, and *Miller v. Sessions*, 889 F.3d 998 (9th Cir. 2018), which held that an individual placed in reinstatement proceedings retains the right conferred by § 1229a(b)(5)(C)(ii), to seek rescission of an *in absentia* order, based on lack of notice, by filing a motion to reopen at any time.

However, the panel concluded that the specific factual and procedural contexts of these decisions were materially distinguishable from Padilla's case. In addition to noting that *Morales-Izquierdo* came to this court as a petition for review of a reinstatement order, not from a denial of a motion to reopen, the panel explained that, unlike *Morales-Izquierdo* and *Miller*, Padilla's underlying removal order was not entered *in absentia*, and Padilla received far more process than did the petitioners in those cases. The panel also explained that, unlike *Miller*, Padilla's motion was not filed pursuant to § 1229a(b)(5)(C)(ii) to reopen an *in absentia* order, and Padilla had pointed to no statutory provision separate from § 1229a(c)(7) that confers the right to reopen his prior proceeding despite § 1231(a)(5)'s plain command.

Padilla also suggested that incompetence raises questions similar to absentia, invoking the principle of constitutional avoidance to support reopening. The panel rejected this contention as a misapplication of the canon of constitutional avoidance because § 1231(a)(5)'s command is clear and its results intended.

Further, the panel noted that even this harsher regime offers avenues of relief: withholding of removal and protection under the Convention Against Torture are available in reinstatement proceedings, and some collateral attack on an underlying order during reinstatement

proceedings may be available if the petitioner can show that he suffered a gross miscarriage of justice in the initial proceeding.

---

**COUNSEL**

Judah Lakin (argued) and Amalia Wille, Lakin & Wille LLP, Oakland, California; Frances Kreimer and Katherin Mahoney, Dolores Street Community Services, San Francisco, California; for Petitioner.

Jonathan K. Ross (argued) and Enitan O. Otunla, Trial Attorneys; Bernard A. Joseph, Senior Litigation Counsel; Derek C. Julius, Assistant Director; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

---

**ORDER**

The opinion filed on November 13, 2019, and reported at 941 F.3d 1213 is hereby amended as follows:

At 941 F.3d at 1218, <As the Fifth Circuit explained, § 1229a(c)(7) "provides that every alien ordered removed from the United States has a right to file one motion to reopen his or her removal proceedings," and § 1231(a)(5) "provides that an alien *forfeits* that right by reentering the country illegally. That is the clear import of the statute's unambiguous text." *Rodriguez-Saragosa*, 904 F.3d at 354 (quoting *Dada*, 554 U.S. at 4–5, 128 S.Ct. 2307) (emphasis in original).> is replaced with: <Section 1229a(c)(7) "provides that every alien ordered removed from the United

States has a right to file one motion to reopen his or her removal proceedings." *Dada*, 554 U.S. at 4–5. But, as the Fifth Circuit explained, § 1231(a)(5) "provides that an alien *forfeits* that right by reentering the country illegally. That is the clear import of the statute's unambiguous text." *Rodriguez-Saragosa*, 904 F.3d at 354 (emphasis in original).>

A clean copy of the amended opinion is attached to this order.

With the foregoing amendment, the pending petition for panel rehearing is **DENIED**. (Dkt. No. 63.) The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on it. Fed. R. App. P. 35. Therefore, the petition for rehearing en banc is also **DENIED**. (Dkt. No. 63.) No further petitions for panel rehearing or rehearing en banc will be entertained.

---

### OPINION

RAYES, District Judge:

Generally, when an alien is ordered removed from the United States, he may move to reopen his removal proceeding within 90 days of entry of the final removal order based on new, material facts that could not have been discovered or presented at the original removal hearing. 8 U.S.C. § 1229a(c)(7). "The motion to reopen is an 'important safeguard' intended 'to ensure a proper and lawful disposition' of immigration proceedings." *Kucana v. Holder*, 558 U.S. 233, 242 (2010) (quoting *Dada v. Mukasey*, 554 U.S. 1, 18 (2008)). If, however, an alien who has been removed pursuant to a removal order takes matters

into his own hands and unlawfully reenters the United States, another provision of the Immigration and Nationality Act ("INA") empowers an immigration officer to reinstate the prior removal order, at which point it "is not subject to being reopened[.]" 8 U.S.C. § 1231(a)(5). The question presented in this case is whether § 1231(a)(5) permanently bars reopening under § 1229a(c)(7), or whether the bar applies only during the reinstatement process. We conclude that an alien whose removal order is reinstated pursuant to § 1231(a)(5) may not reopen the prior removal proceeding under § 1229a(c)(7). The bar is a consequence of having reentered unlawfully.

## I. Background

Petitioner Alfonso Padilla Cuenca ("Padilla") is a native Mexican citizen who arrived in the United States on December 1, 1997, without being admitted or paroled. The Department of Homeland Security ("DHS") initiated removal proceedings against Padilla on August 25, 2008. Padilla appeared without counsel in the Immigration Court in Eloy, Arizona on September 15, 2008. There, an Immigration Judge ("IJ") advised Padilla of his right to counsel, but Padilla waived that right, admitted the allegations against him, conceded removability, and waived his right to apply for relief. By order of the IJ, Padilla was physically removed to Mexico on November 28, 2008, but he unlawfully reentered the United States the following month.

DHS apprehended Padilla in 2015 and proceeded to reinstate his prior removal order, a multistep process that first requires an immigration officer to obtain the prior removal order related to the alien, confirm that the alien under consideration and the alien previously removed are one and the same, and confirm that the alien unlawfully

reentered the United States. If the immigration officer determines that an alien qualifies for reinstatement, the officer then must give the alien written notice of his determination and provide the alien with an opportunity to make a statement contesting it. If these requirements are met, the alien's prior removal order is reinstated, and he may again be removed. 8 C.F.R. § 241.8(a)–(c).

Here, DHS served Padilla with a Form I-871 Notice of Intent/Decision to Reinstate Prior Order ("Notice") on May 13, 2015. The Notice charged that Padilla is removable as an alien who unlawfully reentered the United States after previously being removed. Padilla signed and fingerprinted the Notice and indicated that he did not wish to make a statement contesting DHS's determination. Consequently, DHS reinstated Padilla's 2008 removal order.

DHS has not executed the reinstated removal order, however, because it determined that Padilla established a reasonable fear that he will be persecuted and tortured due to his mental illness if removed to Mexico. Padilla has a history of mental health problems, and formally was diagnosed with Schizoaffective Disorder, Depressive Type in October 2015. Under agency regulations, if an alien asserts a fear of returning to the country designated in his reinstated removal order, he is referred to an asylum officer who must then determine whether the alien has a reasonable fear of persecution or torture. 8 C.F.R. § 241.8(e). If the officer finds the alien's fear to be reasonable, the case is referred to an IJ "for full consideration of the request for withholding of removal only." 8 C.F.R. § 208.31(e). DHS accordingly referred Padilla to the Immigration Court in San Francisco, California for withholding of removal proceedings, where an IJ determined that Padilla is mentally incompetent to represent himself and ordered appointment

of counsel.  This withholding of removal proceeding remains pending, and Padilla cannot be removed to Mexico until it concludes.

Aided by counsel, Padilla filed a motion to reopen his 2008 removal proceeding pursuant to § 1229a(c)(7) on November 2, 2015.  Padilla argued that the 90-day deadline for filing a motion to reopen should be equitably tolled, the IJ should reopen his 2008 removal proceeding *sua sponte*,[1] reopening his 2008 removal proceeding is an appropriate safeguard to protect his due process rights, and he is *prima facie* eligible for asylum.  At bottom, Padilla contends that his 2008 removal proceeding violated his due process rights because he was not competent to represent himself. Therefore, the IJ should not have accepted his admission of removability and instead should have appointed him counsel.[2]  Padilla seeks to reopen his 2008 removal proceeding in order to apply for asylum, which offers broader protection than withholding of removal.

The IJ denied Padilla's motion, finding principally that § 1231(a)(5) divested the IJ of jurisdiction to reopen the 2008 removal proceeding because DHS reinstated Padilla's removal order.  Alternatively, the IJ addressed the merits of Padilla's motion to reopen and, for reasons not relevant here, concluded that the motion was untimely and equitable tolling unavailable, Padilla was not *prima facie* eligible for asylum,

---

[1] Under 8 C.F.R. § 1003.2(a), the BIA may at any time reopen removal proceedings *sua sponte*.

[2] Agency regulations preclude an IJ from accepting "an admission of removability from an unrepresented respondent who is incompetent." 8 C.F.R. § 1240.10(c).

and exceptional circumstances did not warrant reopening Padilla's 2008 removal proceeding *sua sponte*.

Padilla appealed the IJ's decision to the BIA. Along with re-arguing the merits of his motion to reopen, Padilla argued that the IJ erred in his jurisdictional analysis because § 1231(a)(5) bars reopening only during the reinstatement process, and Padilla now is in a separate withholding of removal proceeding. The BIA agreed with the IJ, however, that § 1231(a)(5) barred reopening Padilla's 2008 removal proceeding because DHS reinstated Padilla's removal order. It therefore denied as moot Padilla's requests for equitable tolling and *sua sponte* reopening and dismissed his appeal.

Padilla timely petitioned this Court for review of the BIA's decision. He again argues that § 1231(a)(5) bars reopening only during the reinstatement process itself, and that the BIA should not have dismissed his appeal because he now is in a separate withholding of removal proceeding.

## II. Jurisdiction and Standard of Review

We have jurisdiction to review the BIA's dismissal order pursuant to 8 U.S.C. § 1252. Although we review the BIA's denial of a motion to reopen for an abuse of discretion, purely legal questions receive *de novo* review. *See Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). Whether § 1231(a)(5) permanently bars reopening under § 1229a(c)(7) is a question of law that we review *de novo*.

## III.    Analysis

"[T]he starting point for interpreting a statute is the language of the statute itself." *Olympic Forest Coal. v. Coast Seafoods Co.*, 884 F.3d 901, 905 (9th Cir. 2018) (quoting *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay*

*Found., Inc.*, 484 U.S. 49, 56 (1987)).  Section 1231(a)(5) states:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to be reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

We read this language to unambiguously bar reopening a reinstated prior removal order.  The Fifth and Seventh Circuits likewise have concluded that § 1231(a)(5) permanently bars reopening. *See Rodriguez-Saragosa v. Sessions*, 904 F.3d 349, 354 (5th Cir. 2018) (noting that the "unambiguous text" of § 1231(a)(5) "deprive[s] the BIA of authority to reopen" removal proceedings after the removal order has been reinstated); *Cordova-Soto v. Holder*, 732 F.3d 789, 793 (7th Cir. 2013) ("[Section] 1231(a)(5) bars reopening of a removal order that has been reinstated after the alien's illegal return to the United States.").  And in unpublished decisions this Court repeatedly has interpreted § 1231(a)(5) as divesting the BIA of jurisdiction to reopen a removal proceeding after reinstatement of the underlying removal order. *See, e.g.*, *Monroy-Martinez v. Whitaker*, 749 F. App'x 578, 579 (9th Cir. 2019); *Rodarte-Gonzalez v. Sessions*, 736 F. App'x 708, 709 (9th Cir. 2018); *Cobos-Luna v. Boente*, 678 F. App'x 498, 499 (9th Cir. 2017); *Escobedo-Fernandez v. Holder*, 504 F. App'x 568, 568 (9th Cir. 2013).

This plain reading of § 1231(a)(5) as instituting a permanent jurisdictional bar also comports with the statute's "clear Congressional purpose[.]" *Rodriguez-Saragosa*, 904 F.3d at 354. Reinstatement once applied only to "a limited class of illegal reentrants," and "the rest got the benefit of the ordinary deportation rules." *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 33–34 (2006). In 1996, however, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), which replaced the old reinstatement provision "with one that toed a harder line[.]" *Id.* at 34. The revisions applied reinstatement to all illegal reentrants, "expanded the types of orders that can be reinstated and limited the relief available to aliens whose orders are reinstated." *Padilla v. Ashcroft*, 334 F.3d 921, 924 (9th Cir. 2003). Section 1231(a)(5) establishes a process to expeditiously remove an alien who already is subject to a removal order, thereby denying the alien "any benefits from his latest violation of U.S. law[.]" *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 498 (9th Cir. 2007) (en banc). "The text of the statute does not allow room for avoiding this clear purpose." *Cordova-Soto*, 732 F.3d at 794.

Padilla, however, contends that a strict reading of § 1231(a)(5) would create a conflict with § 1229a(c)(7) by eviscerating an alien's right to file a motion to reopen. We disagree. Section 1229a(c)(7) "provides that every alien ordered removed from the United States has a right to file one motion to reopen his or her removal proceedings." *Dada*, 554 U.S. at 4–5. But, as the Fifth Circuit explained, § 1231(a)(5) "provides that an alien *forfeits* that right by reentering the country illegally. That is the clear import of the statute's unambiguous text." *Rodriguez-Saragosa*, 904 F.3d at 354 (emphasis in original).

Padilla's principal argument against a plain reading of § 1231(a)(5) is that our decisions in *Morales-Izquierdo* and *Miller v. Sessions*, 889 F.3d 998 (9th Cir. 2018), imposed a temporal limit on the bar to reopening. For example, Padilla highlights language from *Morales-Izquierdo* that reinstatement "creates no new obstacles to attacking the validity of the removal order," and that § 1231(a)(5) precludes reopening or review of the prior removal order "during the course of the reinstatement process." 486 F.3d at 498. He also points to language in *Miller* that "an individual placed in reinstatement proceedings under § 1231(a)(5) cannot as a general rule challenge the validity of the prior removal order in the reinstatement proceeding itself." 889 F.3d at 1002. According to Padilla, these decisions imply that § 1231(a)(5) bars reopening only during the time an immigration officer spends complying with § 241.8's prerequisites to reinstatement, but once the prior removal order has been reinstated the bar to reopening is lifted. Padilla argues that, at the very least, § 1231(a)(5) does not bar reopening a prior removal order once an alien is placed into withholding of removal proceedings.

This latter argument is foreclosed by our decision in *Padilla-Ramirez v. Bible*, in which we explained that "[w]ithholding-only proceedings do not . . . purport to override section 1231(a)(5)'s prohibition on reopening or reviewing a prior removal order." 882 F.3d 826, 832 (9th Cir. 2017). And although *Morales-Izquierdo* and *Miller* each contain language favorable to Padilla's broader argument when read in isolation, the specific factual and procedural contexts of these decisions are materially distinguishable from Padilla's case.

*Morales-Izquierdo* came to this Court as a petition for review of a reinstatement order itself, not from the denial of

a motion to reopen.   486 F.3d at 489.   The petitioner, Morales, had unlawfully entered the United States in 1994 and subsequently was ordered removed *in absentia*.  *Id.* at 488.   Morales claimed, however, that he never received notice of the hearing date.  *Id.*  He later unlawfully reentered the United States and his prior removal order was reinstated. *Id.* at 489.   Morales raised numerous challenges to the reinstatement order and process.   Of relevance here, he argued "that a removal order may not constitutionally be reinstated if the underlying removal proceeding itself violated due process," and that his underlying removal proceeding violated due process because it was conducted *in absentia* without notice to him.  *Id.* at 495–97.  We rejected this argument and held that "[r]einstatement of a prior removal order—regardless of the process afforded in the underlying order—does not offend due process because reinstatement of a prior order does not change the alien's rights or remedies."  *Id.* at 497.  We explained:

> The *only* effect of the reinstatement order is to cause Morales' removal, thus denying him any benefits from his latest violation of U.S. law, committed when he reentered the United States without the Attorney General's permission . . . .   The reinstatement order imposes no civil or criminal penalties, creates no new obstacles to attacking the validity of the removal order, *see, e.g.*, INA § 240(b)(5)(C)(ii), 8 U.S.C. § 1229a(b)(5)(C)(ii) (allowing reopening of a removal order based on lack of notice), and does not diminish the petitioner's access to whatever path for lawful entry into the United States might otherwise be available to him under the immigration laws.

*Id.* at 497–98 (emphasis in original).

In observing that reinstatement "creates no new obstacles to attacking the validity of the removal order," we explicitly referred to § 1229a(b)(5)(C)(ii) as an avenue of relief potentially available to Morales. *Id.* at 498. That provision establishes a procedure, separate from the general motion-to-reopen 90-day limitation in § 1229a(c)(7), by which an alien may seek rescission of a removal order entered *in absentia* based on a claim of lack of notice.[3] Reinstatement does not take that away. Morales, however, had not availed himself of this procedure, and we concluded that § 1231(a)(5) barred him from raising such a challenge in the reinstatement proceeding itself. *Id.* at 496 n.13.

*Miller* came to this Court as a petition for review of the BIA's denial of a motion to reopen. 889 F.3d at 1001. The petitioner, Miller, was ordered removed *in absentia* and later claimed that she had not received notice of the removal hearing. *Id.* at 1000. After her removal order was reinstated, Miller sought to reopen her removal proceeding pursuant to § 1229a(b)(5)(C)(ii). *Id.* at 1001. The BIA determined, however, that it lacked jurisdiction to reopen Miller's prior removal order because it had been reinstated. *Id.* We disagreed with the BIA and explained that *Morales-Izquierdo* "construed § 1231(a)(5) as preserving a non-citizen's right to file a motion to reopen under § 1229a(b)(5)(C)(ii)." *Id.* at 1002. Thus, we held that "an individual placed in reinstatement proceedings under § 1231(a)(5) cannot as a general rule challenge the validity

---

[3] Notably, earlier in the decision we observed that § 1231(a)(5) "specifically precludes Morales from seeking to reopen the previous removal order based on defective service or any other grounds." *Morales-Izquierdo*, 486 F.3d at 496.

of the prior removal order in the reinstatement proceeding itself. But she retains the right *conferred by* § 1229a(b)(5)(C)(ii), to seek rescission of a removal order entered *in absentia*, based on lack of notice, by filing a motion to reopen 'at any time.'" *Id.* at 1002–03 (quoting *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam)) (emphasis added).

Unlike *Morales-Izquierdo* and *Miller*, Padilla's underlying removal order was not entered *in absentia*. Padilla received far more process than did the petitioners in either of those cases. He received notice of and appeared at the original removal hearing, was advised of and waived his right to counsel, and conceded removability.

Furthermore, unlike *Morales-Izquierdo*, Padilla petitions for review of the BIA's denial of his motion to reopen, not for review of the reinstatement order itself.**[4]** Thus, Padilla's case procedurally is more akin to *Miller*. But unlike *Miller*, Padilla's motion to reopen was not filed pursuant to § 1229a(b)(5)(C)(ii), and Padilla can point to no specific statutory provision separate from § 1229a(c)(7) that confers upon him the right to reopen his prior removal proceeding

---

**[4]** For this reason, we reject the Government's argument that *Morales-Izquierdo* requires denial of Padilla's petition because reinstatement of a prior removal order does not violate due process regardless of the process afforded in the underlying removal proceeding. Padilla's petition comes to us in a different procedural posture than *Morales-Izquierdo*. He is not presently challenging the reinstatement order, nor could he at this time. "[W]here an alien pursues reasonable fear withholding of removal proceedings following the reinstatement of a prior removal order, the reinstated removal order does not become final until the reasonable fear of persecution and withholding of removal proceedings are complete." *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012).

despite § 1231(a)(5)'s plain command.  *See Rodriguez-Saragosa*, 904 F.3d at 355.

Suggesting incompetence raises questions similar to absentia, Padilla invokes the principle of constitutional avoidance to contend that we must allow reopening so as to avoid a result that would require him to remain in Mexico in order to challenge the original removal, which thereby creates constitutional questions.  This, however, is a misapplication of the canon of constitutional avoidance. "The canon of constitutional avoidance comes into play only when, after the application of ordinary textual analysis, the statute is found susceptible of more than one construction; and the canon functions as a *means* of *choosing between them*."  *Clark v. Martinez*, 543 U.S. 371, 385 (2005) (emphasis in original).  Section 1231(a)(5)'s command is clear and its results intended.  As the Supreme Court explained in *Fernandez-Vargas*, § 1231(a)(5) "explicitly insulates the [underlying] removal orders from review, and generally forecloses discretionary relief from the terms of the reinstated order."  548 U.S. at 35.  Though the reinstatement provision "does not penalize an alien for the reentry," it "subjects him to [a] new and less generous legal regime" because of his continued unlawful presence, which is "an indefinitely continuing violation that the alien himself could end at any time by voluntarily leaving the country." *Id.* at 44; *see also Morales-Izquierdo*, 486 F.3d at 498 ("While aliens have a right to fair procedures, they have no constitutional right to force the government to re-adjudicate a final removal order by unlawfully reentering the country."); *Cordova-Soto*, 732 F.3d at 794 ("Congress made a reasonable and understandable choice to provide that an alien who is removed . . . should not be able to engage in unlawful self-help by simply sneaking back into the country.").

Moreover, even this harsher legal regime offers avenues of relief.  For example, notwithstanding § 1231(a)(5)'s bar on any relief, "withholding of removal and [Convention Against Torture] protection[s] are available to individuals in reinstatement proceedings." *Perez-Guzman v. Lynch*, 835 F.3d 1066, 1075 (9th Cir. 2016); *see* 8 C.F.R. §§ 208.16(c)(4), 208.31(e).  We also have recognized that reinstatement does not insulate a prior removal order from review under all circumstances.  Rather, § 1252(a)(2)(D) "permits some collateral attack on the underlying removal order during review of the reinstatement order if the petitioner can show that he has suffered a 'gross miscarriage of justice' in the initial deportation proceeding." *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008) (quoting *Debeato v. Att'y Gen. of the United States*, 505 F.3d 231, 235 (3d Cir. 2007)).  What Padilla cannot do, however, is reopen his prior removal order under § 1229a(c)(7).  Forfeiture of the right to reopen under § 1229a(c)(7) is part of the less favorable legal regime to which Padilla is now subject by unlawfully reentering and remaining in the United States despite his prior removal order.[5]

---

[5] Another example is forfeiture of the right to apply for asylum. *Perez-Guzman*, 835 F.3d at 1081.  When an alien subject to a reinstated removal order professes a reasonable fear of returning to the country designated in his reinstated removal order, the IJ is limited to adjudicating only his eligibility for withholding of removal. 8 C.F.R. § 208.31(e), (g)(2)(i).   Yet under Padilla's argument, once in withholding of removal proceedings an alien could move to reopen his underlying removal order so that he could then apply for asylum, effectively eviscerating this limitation.  This anomaly further undermines Padilla's argument.

## IV.    Conclusion

In this precedential opinion, we join the Fifth and Seventh Circuits in concluding that § 1231(a)(5) bars reopening a removal order that has been reinstated following an alien's unlawful reentry into the United States. Because Padilla's 2008 removal order has been reinstated, the BIA properly concluded that § 1231(a)(5) deprived it of jurisdiction to entertain Padilla's motion to reopen.

**PETITION DENIED.**