**NOT FOR PUBLICATION**

**FILED**

DEC 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VARDUHI SASHOYAN, | No. 18-71510 |
| Petitioner, | Agency No. A097-364-365 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2020[**]

Before: SCHROEDER, HAWKINS, and GRABER, Circuit Judges.

Varduhi Sashoyan, a citizen of Armenia, petitions for review of an order from

the Board of Immigration Appeals ("BIA") denying her motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we deny in part and

dismiss in part the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

The BIA did not abuse its discretion by denying Sashoyan's motion based on her allegations of ineffective assistance of counsel and judicial bias. *See Cuenca v. Barr*, 956 F.3d 1079, 1084 (9th Cir. 2020). The BIA's determination that Sashoyan failed to demonstrate the requisite prejudice to substantiate her ineffective assistance of counsel and due process claims was not arbitrary, irrational, or contrary to law. *See Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). Nor did the BIA err by determining Sashoyan failed to demonstrate that she acted with the necessary diligence to warrant equitable tolling and dismissing the motion as untimely. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003).

Sashoyan also contends that her mental health constitutes an exceptional circumstance such that the BIA erred by declining to sua sponte reopen her proceedings. We generally lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority, and Sashoyan does not allege a legal or constitutional error necessary to invoke our jurisdiction. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

**PETITION DENIED IN PART AND DISMISSED IN PART.**