NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



MAY 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GONZALO VASQUEZ-GONZALEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

Nos.    15-73653, 16-71088

Agency No.   A092-043-543

MEMORANDUM\*

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted May 5, 2021\*\*
Seattle, Washington

Before:  BOGGS,\*\*\* TASHIMA, and MURGUIA, Circuit Judges.

Gonzalo Vasquez-Gonzalez petitions for review of two orders of the Board of

Immigration Appeals (BIA): one dismissing his appeal of an order of the Immigra-

tion Judge (IJ) denying his motion to reopen his removal proceedings and another

---

\* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.
\*\* The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).
\*\*\* The Honorable Danny J. Boggs, Senior Circuit Judge of the U.S. Court of Ap-
peals for the Sixth Circuit, sitting by designation.

denying a second motion to reopen in light of a purported fundamental change in law. Although we have jurisdiction to review these orders, *Mata v. Lynch*, 576 U.S. 143 (2015), we deny both petitions because the relief sought is barred by statute.

1. This case's factual background is recounted in some detail in our opinion following Mr. Vasquez-Gonzalez's criminal appeal, *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1064–65 (9th Cir. 2018). This summary suffices for our present purposes: He came to the United States at a young age and became a lawful permanent resident in 1989. He was convicted of a violent felony in California in 1995 and was removed to Mexico in 1999. Less than two weeks after his removal, he reentered the United States illegally. After going undetected for more than a decade, he was arrested by Immigration and Customs Enforcement in 2014. His order of removal was reinstated under 8 U.S.C. § 1231(a)(5), and he was charged criminally with illegal reentry under 8 U.S.C. § 1326. The record does not reflect that he ever sought review of his removal order's reinstatement.

In 2015, Mr. Vasquez-Gonzalez moved to reopen his removal proceedings, arguing that his due-process rights were violated because his former immigration lawyer had not pursued—and the IJ had not informed him of the possibility of—relief under former Section 212(c) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1182(c) (repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, div. C, tit. III, § 304(b),

2

110 Stat. 3009, 3009-597). After the IJ denied his motion to reopen and the BIA dismissed his appeal, he filed a second motion to reopen directly with the BIA, arguing that the crime underlying his 1995 conviction no longer qualified as "violent" under 18 U.S.C. § 16 after our decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). The BIA denied that motion. He timely petitioned us for review of each BIA order.

2.      Mr. Vasquez-Gonzalez simply cannot get the form of relief he asks for. Upon the Attorney General's finding that "an alien has reentered the United States illegally after having been removed," the alien's previous order of removal is "reinstated from its original date and is not subject to being reopened or reviewed." 8 U.S.C. § 1231(a)(5). That language "unambiguously bar[s] reopening a reinstated prior removal order." *Cuenca v. Barr*, 956 F.3d 1079, 1084 (9th Cir. 2020). Mr. Vasquez-Gonzalez's prior removal order was reinstated because he illegally reentered after having been removed. Thus, it cannot be reopened.

Mr. Vasquez-Gonzalez misreads *Cuenca* as containing an exception for circumstances in which there was a "gross miscarriage of justice" in imposing the original removal order. But that is not what we said. Rather, we posited that, *on review of a removal order's reinstatement*, a petitioner may collaterally attack the underlying removal order "if the petitioner can show that he has suffered a 'gross miscarriage of justice' in the initial deportation proceeding." *Id.* at 1087 (quoting *Garcia*

3

*de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008)). Mr. Vasquez-Gonzalez does not now petition for review of his removal order's reinstatement—as far as it appears in the record, he never challenged it. He missed his opportunity for that route of relief. And, because he reentered the United States illegally, he may not seek relief through a motion to reopen.

3.    We requested supplemental briefing in this case following Mr. Vasquez-Gonzalez's criminal appeal. In its brief, the government does not appear to press a res judicata argument. Even so, it is worth noting that, in that appeal, Mr. Vasquez-Gonzalez raised the same claims underlying his present motions to reopen—and lost. *Vasquez-Gonzalez*, 901 F.3d at 1065–68 (holding that, when he violated Cal. Pen. Code § 245(a)(1), it was categorically a crime of violence as defined by 18 U.S.C. § 16(a)); *id.* at 1068–71 (holding that he did not show prejudice because he would not plausibly have received discretionary relief under former INA § 212(c)). Thus, even were his removal proceedings eligible for reopening, to reopen them would be futile. Res judicata precludes him from raising his claims again.

**PETITIONS DENIED.**