NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIFONSO GONZALEZ-OLIVERA, AKA Elifonso O. Gonzalez, <br><br>                Petitioner, <br><br>    v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>                Respondent. | No.    18-72702 <br><br> Agency No. A090-305-521 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 5, 2021[**]
Seattle, Washington

Before: BOGGS,[***] TASHIMA, and MURGUIA, Circuit Judges.

Petitioner Elifonso Gonzalez-Olivera, a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals ("BIA") order affirming an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

immigration judge's ("IJ") denial of his motion to reopen a 1994 removal order. We deny the petition.

Gonzalez entered the United States without inspection in February 1984. He became a lawful permanent resident in December 1992. In November 1993, however, Gonzalez pled guilty and was convicted in Washington State for possession of a controlled substance with intent to deliver (10 pounds of marijuana) and possession of a controlled substance (two ounces of cocaine). In 1994, Gonzalez was placed in deportation proceedings where an immigration judge (the "original IJ") entered an order of removal on the grounds that Gonzalez had been convicted of an aggravated felony, in violation of 8 U.S.C. § 1251(a)(2)(A)(iii) (1994), and a controlled-substance violation, 8 U.S.C. § 1251(a)(2)(B)(i) (1994). Gonzalez was deported in February 1995. He illegally reentered the United States on the same day.

In March 2017, the Department of Homeland Security arrested Gonzalez and reinstated his 1994 removal order. Gonzalez signed the reinstatement order and waived his right to appeal. In January 2018, Gonzalez filed an untimely motion with the immigration court to reopen his 1994 removal proceeding, seeking to reopen and collaterally attack the reinstated removal order. Gonzalez also requested discretionary *sua sponte* relief based on exceptional circumstances and to correct a gross miscarriage of justice because, under subsequent circuit-court precedent, his 1993 drug conviction was no longer an aggravated felony or a deportable offense.

*United States v. Valdivia-Flores*, 876 F.3d 1201, 1210 (9th Cir. 2017). Gonzalez also argued that he suffered prejudicial due-process violations because he was not adequately informed of his right to appeal and his waiver of that right was not considered and intentional. The IJ denied the motion to reopen and declined to exercise his *sua sponte* authority. The BIA affirmed the IJ's decision.

1.      Where, as here, the BIA reviewed the IJ's decision de novo, we review the BIA's decision along with any portion of the IJ's decision that the BIA expressly endorsed. *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir. 2000). We review denial of a motion to reopen for abuse of discretion but review purely legal questions de novo. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). When the BIA denies *sua sponte* reopening or reconsideration as a matter of discretion, we generally lack jurisdiction to review that decision. *See Lona v. Barr*, 958 F.3d 1225, 1228 (9th Cir. 2020). But we retain jurisdiction to review a denial of "*sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla*, 840 F.3d at 588.

2.      Because Gonzalez's removal order was reinstated, the BIA lacked jurisdiction to consider his motion to reopen the 1994 removal proceeding. *Cuenca v. Barr*, 956 F.3d 1079, 1082, 1087–88 (9th Cir. 2020). Indeed, when an alien's removal order is reinstated pursuant to 8 U.S.C. § 1231(a)(5), as here, the removal order may not be reopened pursuant to 8 U.S.C. § 1229a(c)(7). *Ibid.* We recognize that the BIA

3

did not base its denial of reopening on this ground. Our review is typically limited to "[t]he grounds upon which . . . the record discloses that [the agency's] action was based." *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1109 (9th Cir. 2011) (citation omitted). But that doctrine has no application where the agency, as here, was required to deny the motion to reopen. *See Morgan Stanley Capital Grp. Inc. v. Pub. Util. Dist. No. 1 of Snohomish Cnty.*, 554 U.S. 527, 544–45 (2008). "That it provided a different rationale for the necessary result is no cause for upsetting its ruling" because to remand "would be an idle and useless formality" and would otherwise "convert judicial review of agency action into a ping-pong game." *Id.* at 545 (citation omitted).

3.  Finally, Gonzalez also requested *sua sponte* relief based on exceptional circumstances and a gross miscarriage of justice. The BIA's discretionary *sua sponte* denial was not premised on legal or constitutional error, *Bonilla*, 840 F.3d at 588, and "the BIA's decision here evinces no misunderstanding about its unfettered discretion" to *sua sponte* reopen, *Lona*, 958 F.3d at 1234. The BIA instead did not believe that Gonzalez's situation was "truly exceptional," in which *sua sponte* reopening would be justified. We lack jurisdiction to review the BIA's *sua sponte* denial further. *Bonilla*, 840 F.3d at 588.

**PETITION DENIED**

4