**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

BALLARDO GOMEZ-GOMEZ,

         Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

         Respondent.

</td><td>

No.   18-72800

Agency No. A075-103-309

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2021[**]
Seattle, Washington

Before: CLIFTON and IKUTA, Circuit Judges, and CALDWELL,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Ballardo Gomez-Gomez, a native and citizen of Nicaragua, seeks review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen his deportation proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Because Gomez-Gomez's removal order was reinstated for illegal reentry in November 2012, it "is not subject to being reopened or reviewed" and Gomez-Gomez "is not eligible and may not apply for" reopening. 8 U.S.C. § 1231(a)(5). Section 1231(a)(5) "institut[es] a permanent jurisdictional bar" precluding a motion to reopen under 8 U.S.C. § 1229a(c)(7). *Cuenca v. Barr*, 956 F.3d 1079, 1084 (9th Cir. 2020). This permanent bar applies both during the reinstatement process and after it has concluded. *See id*. at 1085. We therefore reject Gomez-Gomez's argument that the bar no longer applies to him because his reinstatement proceeding has concluded.

Gomez-Gomez forfeited his right to reopen his deportation proceedings under § 1229a(c)(7) by reentering the country illegally. *See id*.; 8 U.S.C. § 1231(a)(5). Gomez-Gomez's reliance on *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495–96 (9th Cir. 2007), and *Miller v. Sessions*, 889 F.3d 998, 1002–03 (9th Cir. 2018), is misplaced, because the aliens in those cases sought rescission of removal orders entered in absentia under 8 U.S.C. § 1229a(b)(5)(C)(ii), a form of

relief not available to Gomez-Gomez. Gomez-Gomez points to no other statutory provision "that confers upon him the right to reopen his prior removal proceeding despite § 1231(a)(5)'s plain command." *Cuenca*, 956 F.3d at 1086–87.

Because the reinstatement bar is permanent, we also reject Gomez-Gomez's argument that the reinstatement bar does not apply because he is currently outside the United States. In context, *Morales-Izquierdo*'s statement that if an alien "has a legitimate basis for challenging his prior removal order, he will be able to pursue it after he leaves the country" applies only to aliens who did not reenter the United States illegally after being removed. 486 F.3d at 498. As explained above, by reentering the country illegally, Gomez-Gomez forfeited his right to reopen his removal proceedings. 8 U.S.C. § 1231(a)(5). Therefore, the BIA did not err in holding that it lacked the authority to reopen his deportation proceedings.

We also reject Gomez-Gomez's argument that the reinstatement bar does not apply because the underlying order in his deportation proceedings violated his due process rights. Although Gomez-Gomez was entitled to fair procedures at his deportation hearing, he forfeited his right to a readjudication of his final removal order by unlawfully reentering the country. *Cuenca*, 956 F.3d at 1087–88. Moreover, the reinstatement bar does not preclude relief through an application for withholding of removal or under the Convention Against Torture in reinstatement

3

proceedings, and does not preclude a "collateral attack on the underlying removal order during review of the reinstatement order if the [alien] can show that he has suffered a 'gross miscarriage of justice' in the initial deportation proceeding." *Id.* at 1087 (quoting *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008)).

**PETITION DENIED.**