NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR ANTONIO HERNANDEZ-RIVERA, AKA Cesar R. Hernandez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-70190 <br><br> Agency No. A091-077-655 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2021**
Seattle, Washington

Before:  CLIFTON and IKUTA, Circuit Judges, and CALDWELL,*** District Judge.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Cesar Hernandez-Rivera, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from an immigration judge's (IJ) denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny Hernandez-Rivera's petition.

The BIA lacked jurisdiction to entertain Hernandez-Rivera's motion to reopen. Federal law clearly states that "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . the prior order of removal is reinstated from its original date *and is not subject to being reopened or reviewed*." 8 U.S.C. § 1231(a)(5) (emphasis added). This Court has recognized that § 1231(a)(5)'s language "unambiguously bar[s] reopening a reinstated prior removal order." *Cuenca v. Barr*, 956 F.3d 1079, 1084 (9th Cir. 2020). Here, Hernandez-Rivera was deported from the United States in 1997, he reentered the country illegally, his prior removal order was reinstated in 2003, and he was deported once more. As a result, Hernandez-Rivera's original deportation proceedings cannot be reopened.

Hernandez-Rivera suggests that § 1231(a)(5)'s reinstatement bar should not apply to him because he did not actually reenter the country illegally after his initial deportation. But Hernandez-Rivera does not dispute that the former Immigration and Naturalization Service reinstated his original deportation order in 2003 because it determined that he reentered the country illegally after having been removed, and

there is no indication in the record that he ever sought review of his deportation order's reinstatement. Thus, Hernandez-Rivera's representations regarding his first reentry into the United States are misplaced, and the reinstatement bar prevents him from reopening his original deportation proceedings.

Finally, to the extent that Hernandez-Rivera challenges the BIA's decision not to reopen his deportation proceedings sua sponte, this Court lacks jurisdiction to review such a claim absent a legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Hernandez-Rivera has not made such a showing.

**PETITION DENIED.**