**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 2 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GUTIERREZ-ZAVALA, | No. 20-73398 |
| Petitioner, | Agency No. A090-155-378 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2022**
Pasadena, California

Before: BRESS and BUMATAY, Circuit Judges, and GLEASON,[***] District
Judge.

Jose Gutierrez-Zavala, a native and citizen of Mexico, petitions for review of

a Board of Immigration Appeals (BIA) order denying his untimely motion to reopen

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sharon L. Gleason, Chief United States District Judge for the District of Alaska, sitting by designation.

his removal proceedings. We review the BIA's denial of a motion to reopen for an abuse of discretion, but we review purely legal questions *de novo*. *Cuenca v. Barr*, 956 F.3d 1079, 1084 (9th Cir. 2020). We have jurisdiction pursuant to 8 U.S.C. § 1252, we grant the pending motion for judicial notice, and we deny the petition.

We first address the government's motion to take judicial notice of the Department of Homeland Security's Notice of Intent/Decision to Reinstate Prior Order. The record demonstrates that the BIA was aware of and considered the Notice of Intent/Decision to Reinstate, although it did not base its decision on the reinstatement of the removal order. Gutierrez-Zavala asserts that neither he nor his counsel were served with the order of reinstatement of removal and so the reinstatement of removal order cannot serve as a final order that deprived the BIA of jurisdiction. However, Gutierrez-Zavala signed an acknowledgement of the Department of Homeland Security's determination to reinstate the prior removal order. The motion for judicial notice at Docket 35 is therefore GRANTED.

8 U.S.C. § 1231(a)(5) provides that a prior order of removal "is not subject to being reopened" if "the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . [and] the prior order of removal is reinstated from its original date." In *Cuenca*, 956 F.3d at 1088, we held that § 1231(a)(5) deprives the BIA of jurisdiction to consider a motion to reopen filed by

2

an alien who unlawfully reentered the United States after deportation and whose removal order has been reinstated.

Here, Gutierrez-Zavala was found removable in 1999; he was deported from the United States in 2003; he then unlawfully reentered the country; and the removal order was reinstated in 2019. After the removal order was reinstated, and 17 years after his original removal, Gutierrez-Zavala filed a motion to reopen proceedings with the BIA pursuant to 8 U.S.C. § 1229a(c)(7) and the BIA's sua sponte authority. Section 1231(a)(5) barred the reopening of Gutierrez-Zavala's removal proceedings. *See Cuenca*, 956 F.3d at 1088.

The BIA did not deny Gutierrez-Zavala's motion to reopen on this ground. Instead, the BIA determined that the motion was untimely and that equitable tolling due to ineffective assistance of counsel and a change in the law was not warranted. The BIA also decided not to exercise its discretion to sua sponte reopen the proceedings based on interests of finality. Although this court's review of BIA decisions is generally limited to the grounds on which the BIA based its decision, that doctrine does not apply where the BIA had no jurisdiction to consider the motion to reopen and was statutorily required to deny the motion. *See Morgan Stanley Cap. Grp. Inc. v. Pub. Util. Dist. No. 1 of Snohomish Cnty.*, 554 U.S. 527, 544–45 (2008). Because we conclude that the BIA did not have jurisdiction to consider Gutierrez-

Zavala's motion to reopen, we do not address his arguments regarding equitable tolling and the BIA's sua sponte authority to reopen proceedings.

**PETITION DENIED.**