**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUILLERMO TEHUITZIL-PEREZ, AKA
Guillermo Perez,

        Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.    18-70129

Agency No. A098-289-102

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2023**
Phoenix, Arizona

Before: GRABER, CLIFTON, and CHRISTEN, Circuit Judges.

Guillermo Tehuitzil-Perez petitions for review of the Board of Immigration

Appeals' (BIA's) order dismissing his appeal of an Immigration Judge's (IJ's)

decision denying his motion to reopen his removal order. Tehuitzil-Perez

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reentered the United States illegally after he had been removed in 2004, and the Department of Homeland Security (DHS) reinstated his removal order on May 17, 2015. *See* 8 U.S.C. § 1231(a)(5). The following month, he was apprehended after illegally reentering the United States again. DHS initiated the reinstatement process once more, but Tehuitzil-Perez was placed in withholding-only proceedings after an asylum officer found that he had a reasonable fear of persecution in Mexico. On June 22, 2017, with his withholding-only proceedings still pending, Tehuitzil-Perez filed a motion to reopen his 2004 removal order pursuant to 8 U.S.C. § 1229a(c)(7).

The IJ concluded that he lacked jurisdiction to consider Tehuitzil-Perez's motion to reopen because 8 U.S.C. § 1231(a)(5) provides that a reinstated removal order is "not subject to being reopened or reviewed." Alternatively, the IJ rejected Tehuitzil-Perez's motion to reopen on timeliness grounds and on the merits. The BIA dismissed Tehuitzil-Perez's appeal from the IJ's decision, reasoning that it lacked jurisdiction per § 1231(a)(5). We have jurisdiction to review the BIA's dismissal order, 8 U.S.C. § 1252, and we deny the petition for review.

1. Tehuitzil-Perez first argues that § 1231(a)(5)'s bar against reopening does not apply because his "reinstated removal process was not final but rather ongoing" due to his pending withholding-only proceedings. This argument fails for two

2

reasons. First, as Tehuitzil-Perez acknowledges, the 2004 removal order had already been reinstated and executed in 2015. Second, even if the reinstated removal order could not yet be executed for a second time due to the withholding-only proceedings, the reinstated removal order was final for purposes of § 1231(a)(5). *See Padilla-Ramirez v. Bible*, 882 F.3d 826, 832 (9th Cir. 2017) ("Withholding-only proceedings do not, however, purport to override section 1231(a)(5)'s prohibition on reopening or reviewing a prior removal order.").

2. Next, relying on statements from our decisions in *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 497 (9th Cir. 2007) (en banc), and *Miller v. Sessions*, 889 F.3d 998 (9th Cir. 2018), Tehuitzil-Perez argues that even if his removal order was reinstated, § 1231(a)(5) does not preclude review of a motion to reopen. This argument is foreclosed by our recent decision in *Cuenca v. Barr*, 956 F.3d 1079 (9th Cir. 2020), which was issued after briefing in this case concluded. In *Cuenca*, we held that "§ 1231(a)(5) bars reopening a removal order that has been reinstated following an alien's unlawful reentry into the United States." *Id.* at 1088. *Cuenca* also explained that *Morales* and *Miller* concerned the narrower reopening procedure found in 8 U.S.C. § 1229a(b)(5)(C)(ii), which is available only to petitioners who were removed *in abstentia*. *Id.* at 1085–87. Tehuitzil-Perez was not removed *in abstentia*, nor does he seek reopening under § 1229a(b)(5)(C)(ii).

*Cuenca* therefore governs this appeal, and we conclude that the BIA correctly dismissed Tehuitzil-Perez's appeal for lack of jurisdiction.

**PETITION FOR REVIEW DENIED.**