**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL SORIA-ESTRADA, | No. 21-522 |
| Petitioner, | Agency No. A070-031-404 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2023**
Phoenix, Arizona

Before: TALLMAN, OWENS, and BADE, Circuit Judges.

Miguel Soria-Estrada, a native and citizen of Mexico, petitions for review

of the Board of Immigrations Appeals' ("BIA") dismissal of his appeal from an

immigration judge's decision denying his motion to reopen his reinstated

removal order. As the parties are familiar with the facts, we do not recount

them here. We have jurisdiction under 8 U.S.C. § 1252. *See Bravo-Bravo v.*

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Garland*, 54 F.4th 634, 638 (9th Cir. 2022) ("Although we have jurisdiction to review the denial of a motion to reopen a reinstated removal order for legal or constitutional error [under 8 U.S.C. § 1252(a)(2)(D)], our review is generally limited to ascertaining that the BIA was required to deny such a motion for lack of jurisdiction."). We deny the petition for review.

Under 8 U.S.C. § 1231(a)(5), if a non-citizen has illegally reentered the United States after having been removed, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed." Section 1231(a)(5) "'unambiguously bar[s] reopening a reinstated prior removal order' and . . . divest[s] the BIA 'of jurisdiction to reopen a removal proceeding after reinstatement of the underlying removal order.'" *Bravo-Bravo*, 54 F.4th at 640 (quoting *Cuenca v. Barr*, 956 F.3d 1079, 1084 (9th Cir. 2020)). No collateral attack on a reinstated removal order is permissible in a motion to reopen, not even for a gross miscarriage of justice. *Id.* "Accordingly, the BIA is required to deny such a motion to reopen for lack of jurisdiction," and "we will deny a petition to review that denial." *Id.* at 638 (citing *Gutierrez-Zavala v. Garland*, 32 F.4th 806, 810 (9th Cir. 2022)).

Soria-Estrada argues that he is exempt from § 1231(a)(5) because he was removed from and reentered the United States, and took affirmative steps to obtain adjustment of status, before the statute's effective date of April 1, 1997. However, Soria-Estrada fails to show that he took sufficient action to obtain adjustment of status before the effective date. *See Montoya v. Holder*, 744 F.3d

2

614, 616-17 (9th Cir. 2014) (holding that § 1231(a)(5) applied to the petitioner because she "took no pre-enactment action sufficient to create a vested right to apply for adjustment" since "the mere filing and approval of a Form I-130 creates no vested right to apply for adjustment of status").

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.