NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EMIGDIO RIOS-AREVALO, AKA
Emigoio Rios-Arevalo,

        Petitioner,

    v.

PAMELA BONDI, Attorney General,

        Respondent.

No. 17-72582

Agency No. A044-361-128

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 3, 2026
Seattle, Washington

Before: McKEOWN, PAEZ, and BRESS, Circuit Judges.

Emigdio Rios-Arevalo, a native and citizen of Mexico, petitions for review of

a Board of Immigration Appeals (BIA) decision denying his motion to reopen his

prior removal order, which was reinstated pursuant to 8 U.S.C. § 1231(a)(5)

following Rios-Arevalo's illegal reentry into the United States. We review "a ruling

on the merits of a motion to reopen for abuse of discretion," but we review

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

underlying questions of law de novo. *Lin v. Gonzales*, 473 F.3d 979, 981 (9th Cir. 2007). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Under 8 U.S.C. § 1231(a)(5), "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed . . . ." Prior cases interpreted this prohibition against motions to reopen as jurisdictional in nature. *See, e.g.*, *Cuenca v. Barr*, 956 F.3d 1079, 1084 (9th Cir. 2020); *Bravo-Bravo v. Garland*, 54 F.4th 634, 640 (9th Cir. 2022). However, following *Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023), which reaffirmed that Congress must provide a clear statement for a statute to be jurisdictional, we held in *Suate-Orellana v. Garland*, 101 F.4th 624, 631–32 (9th Cir. 2024), that the prohibition against motions to reopen in 8 U.S.C. § 1231(a)(5) is not jurisdictional, and that the jurisdictional holdings of our prior § 1231(a)(5) cases were clearly irreconcilable with *Santos-Zacaria*.

While § 1231(a)(5) is no longer jurisdictional, by its plain text its prohibition against reopening reinstated removal orders remains mandatory when the government properly raises the issue, which it did here. *See Santos-Zacaria*, 598 U.S. at 421 (citing "the distinction between 'jurisdictional' rules . . . and nonjurisdictional but mandatory ones"); *Gonzalez v. Thaler*, 565 U.S. 134, 146

2

(2012) ("[C]alling a rule nonjurisdictional does not mean that it is not mandatory . . . ."). Accordingly, the BIA correctly denied the motion to reopen.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal shall remain in place until the mandate issues.