NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE NOEL LISAMA RIVERA, | No.   17-72360 |
| Petitioner, | Agency No. A200-068-462 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 11, 2020
Pasadena, California

Before:  GOULD and R. NELSON, Circuit Judges, and COGAN,** District Judge.

Jose Noel Lisama Rivera ("Lisama"), a native and citizen of El Salvador, petitions for review of the decision by an immigration judge ("IJ") affirming an asylum officer's negative reasonable fear determination.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

In 2005, Lisama was ordered removed *in absentia* when he failed to appear for a removal hearing. He was removed in 2013 but then reentered the United States that same year. When the Department of Homeland Security recommended reinstatement of the order of removal in 2017, Lisama expressed a fear of persecution if he were returned to El Salvador, and he was referred to an asylum officer. The asylum officer found that Lisama credibly testified as to past harm and threats and his fear of future harm and threats rising to the level of persecution, but that neither was on account of a protected ground. The IJ upheld the asylum officer's findings, concluding that Lisama was targeted for extortion by a gang that believed he had money after his return to the United States, and that this harm did not implicate a protected ground.

Substantial evidence supports the IJ's determination that there is no nexus between the past harm Lisama faced in El Salvador and a protected ground. Lisama was targeted by gang members because they perceived him to have money, which is not targeting based on a protected ground. *Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018). He was also targeted because gang members thought that he had encouraged a rival gang to attack them, but this type of personal vendetta does not satisfy the requisite nexus. *Molina-Morales v. INS*, 237 F.3d 1048, 1051–52 (9th Cir. 2001).

Substantial evidence also supports the IJ's determination that the harm

Lisama fears if he is returned to El Salvador would not be on account of a protected ground. Lisama argues that the IJ failed to consider his claim of persecution on account of membership in his family group. Persecution on account of "membership in a particular social group" is persecution on account of a protected ground, *see* 8 C.F.R. § 208.31(c), and "the family remains the quintessential particular social group," *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015). But a nexus is not established simply because a family group exists and its members experience harm; for there to be a nexus between the persecution and a protected ground, the family group membership itself must constitute a reason motivating the persecution. *See Parada v. Sessions*, 902 F.3d 901, 910 (9th Cir. 2018); *Rios*, 807 F.3d at 1128.

Lisama fears that gang members will target him because he fled El Salvador rather than pay their extortion, and to prevent him from seeking revenge for the harm they caused his family. As described above, extortion and threats of violence for economic reasons or personal vendetta alone do not satisfy the requisite nexus if not also based on a protected characteristic. *See Ayala v. Sessions*, 855 F.3d 1012, 1015, 1020–21 (9th Cir. 2017); *Molina-Morales*, 237 F.3d at 1051–52. Lisama testified that gang members have killed, attacked, and threatened multiple members of his family due to their relationship to him. But his belief that gang members may target him because they may think that he wants revenge is too

speculative to constitute harm on account of family group membership. Further, although Lisama's family members might have a viable claim that they were targeted because of their relationship to him, the threat of future harm to Lisama is on account of the gang's personal vendetta against him, rather than membership in a family social group.

Lisama's next point of error argues that the Immigration Court lacked jurisdiction to issue the underlying removal order because the Form I-682 Notice to Appear did not list the date, time, and location of his hearing. We have jurisdiction to consider Lisama's claim of a gross miscarriage of justice in the proceedings for his underlying removal order. *Vega-Anguiano v. Barr*, 942 F.3d 945, 947 (9th Cir. 2019). But this Court recently held that the lack of time, date, and place in a Notice to Appear does not deprive the Immigration Court of jurisdiction so long as a complete notice is provided at some point. *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020).

For the first time at oral argument, Lisama asserted that he never received a complete notice of the hearing. The underlying removal order states that notice of the hearing was not provided because Lisama failed to provide his address as required after having been informed of that requirement in the Notice to Appear,[1]

---

[1] For removal proceedings, no written notice is required if the alien failed to provide the required address. 8 U.S.C. § 1229a(b)(5)(B); *Velasquez-Escovar v. Holder*, 768 F.3d 1000, 1004 (9th Cir. 2014).

but Lisama contends that he told government officials where he could be reached. Lisama has never challenged the underlying removal order in any administrative proceeding, despite there being avenues for him to challenge his removal based on lack of notice. *See Cuenca v. Barr*, 956 F.3d 1079, 1086 (9th Cir. 2020) (noting that section 1229a(b)(5)(C)(ii) provides a potential avenue of relief for aliens seeking "rescission of a removal order entered *in absentia* based on a claim of lack of notice"). Because this claim was never presented in an administrative proceeding below, we will not reach its merits here. *See Garcia v. Lynch*, 786 F.3d 789, 792–93 (9th Cir. 2015).

**PETITION DENIED.**