NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ELIAS-RUIZ,<br><br>               Petitioner,<br><br>  v.<br><br>ROBERT M. WILKINSON, Acting<br>Attorney General,<br><br>               Respondent. | No.   19-70799<br>          19-70817<br><br>Agency No. A074-387-988<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2021[**]
Pasadena, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and CHRISTENSEN,[***]
District Judge.

     Jose Elias-Ruiz ("Elias"), a native and citizen of Mexico, petitions for

review of two orders of the Board of Immigration Appeals ("BIA") in this

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

consolidated case. He petitions for review of the BIA's order dismissing his appeal from an immigration judge's ("IJ") denial of his motion to reopen his exclusion proceedings. He also petitions for review of the BIA's order dismissing his appeal from an IJ's decision denying his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part the petitions for review.

1. The BIA did not err in concluding that the IJ lacked jurisdiction over Elias's motion to reopen his underlying exclusion proceedings. "Although we review the BIA's denial of a motion to reopen for an abuse of discretion, purely legal questions receive de novo review." *Padilla Cuenca v. Barr*, 956 F.3d 1079, 1084 (9th Cir. 2020) (citation omitted). While 8 U.S.C. § 1229a(c)(7) "provides that every alien ordered removed from the United States has a right to file one motion to reopen his or her removal proceedings," 8 U.S.C. § 1231(a)(5) "provides that an alien *forfeits* that right by reentering the country illegally." *Id.* at 1085 (citations omitted).

Elias argues that § 1231(a)(5) should not bar his application to reopen under § 1229a(c)(7) because § 1231(a)(5) does not bar applications to reopen based on a lack of notice under § 1229a(b)(5)(c)(ii) and both subsections of § 1229 do not impose time limits on filing. While Elias is correct that both subsections allow

2

filing at any time, applications to reopen based on a lack of notice under §

1229a(b)(5)(c)(ii) evade § 1231(a)(5)'s bar because of "potential due process

concerns." *Miller v. Sessions*, 889 F.3d 998, 1002–03 (9th Cir. 2018). Those due

process concerns are not present here. Because Elias unlawfully reentered the

United States in 1997 despite his prior removal order, he "forfeit[ed] the right to

reopen under § 1229a(c)(7)" and is subject to "the less favorable legal regime"

under § 1231(a)(5). *Padilla Cuenca*, 956 F.3d at 1087–88. Accordingly, the BIA

correctly found that § 1231(a)(5) bars Elias from "reopen[ing] his prior removal

order under § 1229a(c)(7)." *Id.* at 1087.

    **2.** Substantial evidence supports the BIA's finding that Elias did not

establish a clear probability of persecution if he is returned to Mexico. "[O]ur

review 'is limited to the BIA's decision, except to the extent the IJ's opinion is

expressly adopted.'" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)

(quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). Substantial

evidence supports the agency's determination that Elias failed to establish that the

single incident, in which he was not physically harmed, rose to the level of

persecution. *See Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1088–89 (9th Cir.

2005) (finding persecution when a police officer physically harmed petitioner nine

times because of his particular social group).

    **3.** Substantial evidence supports the BIA's finding that Elias did not

establish a nexus between past or feared future persecution and any claimed statutorily-protected ground. Elias argues that he was persecuted because he was a returnee to Mexico who had lived in the United States. However, Elias failed to show a nexus to his alleged social group as he did not provide any evidence that the police officers knew or cared whether he was a returnee when they attempted to extort him. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017). Substantial evidence also supports the BIA's conclusion that Elias did not establish a cognizable social group of "returnees to Mexico who have lived in the United States." *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (finding that "returning Mexicans from the United States . . . is too broad to qualify as a cognizable social group"). Substantial evidence supports the BIA's finding that Elias "cannot establish a nexus based on family membership simply because the family exists and some family members have experienced harm." *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011). Substantial evidence also supports the BIA's conclusion that Elias did not establish persecution because of actual or imputed political opinion against cartels. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031–32 (9th Cir. 2014).

**4.**     Substantial evidence supports the BIA's denial of CAT relief. Elias failed to show that it is more likely than not that he would be tortured by or with

the consent or acquiescence of the government if returned to Mexico. *See*

*Delgado-Ortiz*, 600 F.3d at 1152.

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**