NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DELIO DE JESUS CORLETO-MARTINEZ, AKA Delio De Jesus Coleto-Martinez, AKA Delio Jesus Corletto, AKA Delio Jesus Corletto-Martinez, AKA Corletto Delio De Jesus, | Nos. 17-73005<br>18-72226<br>20-71296<br><br>Agency No. A026-987-936 |
| Petitioner, | MEMORANDUM* |
| v. | |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2021**
Seattle, Washington

Before: CLIFTON and IKUTA, Circuit Judges, and CALDWELL,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Delio De Jesus Corleto-Martinez, a native and citizen of El Salvador, petitions for review of an immigration judge's (IJ) decision and two orders of the Board of Immigration Appeals (BIA) in this consolidated case. Corleto first petitions for review of the IJ's determination that he lacked a reasonable fear of persecution or torture in El Salvador and therefore is not entitled to relief from his reinstated removal order. Corleto also petitions for review of two decisions from the BIA denying motions to reopen his original deportation order. We have jurisdiction under 8 U.S.C. § 1252, and we deny Corleto's petitions.

With respect to Corleto's first petition, substantial evidence supports the IJ's conclusion that Corleto failed to establish a reasonable fear of persecution in El Salvador on account of a protected ground. Corleto does not claim a fear of persecution on account of his race, religion, nationality, or political opinion; instead, his claim is based on his alleged membership in a particular social group. However, at most, the evidence in the record demonstrates that gangs in El Salvador targeted Corleto because he owned cows, and, thus, they perceived him to have money. These motivations do not give rise to a viable social group claim, as this Court has pointed out. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) ("[G]angs did not target Bartolome based on a protected ground. Rather, the gangs targeted him because they perceived him to have money, which we have not recognized as a

cognizable social group." (citing *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016))).

Corleto nevertheless argues that the IJ erred "by not recognizing that the persecution here was . . . based on [his] family business, which is the basis of a [particular social group] and a protected class." The IJ, however, did not commit reversible error simply because he failed to interpret the evidence in the manner now advocated by Corleto. *See Don v. Gonzalez*, 476 F.3d 738, 744 (9th Cir. 2007). That is particularly true given that the underlying record contains little, if any, evidence that the gangs specifically targeted Corleto because of his familial ties. The IJ considered all of the evidence and concurred with an asylum officer's earlier negative reasonable fear determination. The evidence in the record does not compel a contrary result, as would be required to reverse the IJ's decision. *See Bartolome*, 904 F.3d at 811.

Corleto's claim based on his alleged fear of torture is also unavailing. As an initial matter, Corleto does not challenge in his opening brief the IJ's determination that he failed to establish a reasonable fear of torture in El Salvador. Thus, Corleto has waived appellate review of this issue. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived); *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (same). Plus, even if Corleto did not waive appellate review, substantial evidence

supports the IJ's decision. That is because Corleto failed to show that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-34 (9th Cir. 2014).

With respect to Corleto's second and third petitions, the BIA lacked jurisdiction to entertain his two motions to reopen. Federal law clearly states that "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . the prior order of removal is reinstated from its original date *and is not subject to being reopened or reviewed*." 8 U.S.C. § 1231(a)(5) (emphasis added). This Court has recognized that § 1231(a)(5)'s language "unambiguously bar[s] reopening a reinstated prior removal order." *Cuenca v. Barr*, 956 F.3d 1079, 1084 (9th Cir. 2020). Here, Corleto was deported from the United States in 2006, he reentered the country illegally, and his prior removal order was reinstated. As a result, Corleto's original deportation proceedings cannot be reopened.

To be sure, this Court has recognized "that reinstatement does not insulate a prior removal order from review under all circumstances." *Id.* at 1087. We have explained that a petitioner may collaterally attack "the underlying removal order *during review of the reinstatement order* if the petitioner can show that he has suffered a 'gross miscarriage of justice' in the initial deportation proceeding." *Id.*

4

(quoting *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008) (emphasis added)). However, Corleto did not collaterally attack his underlying removal order through a challenge to his reinstatement order itself.[1] Rather, Corleto questioned the validity of his removal order in two separate motions to reopen. That, he simply cannot do. *See Cuenca*, 956 F.3d at 1087. There is no established "gross miscarriage of justice" exception to § 1231(a)(5)'s reopening bar. *See id.*

We recognize that the BIA did not deny Corleto's first motion to reopen on this ground. Our review is typically limited to "[t]he grounds upon which . . . the record discloses that [the agency's] action was based." *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1109 (9th Cir. 2011) (citation omitted). But that doctrine has no application where the agency, as here, was required to deny the motion to reopen. *See Morgan Stanley Capital Grp. Inc. v. Pub. Util. Dist. No. 1 of Snohomish Cnty.*, 554 U.S. 527, 544-45 (2008). "That it provided a different rationale for the necessary result is no cause for upsetting its ruling" because to remand "would be an idle and useless formality" and would otherwise "convert judicial review of agency action into a ping-pong game." *Id.* at 545 (citation omitted). Ultimately, the BIA did not have the statutory authority to reopen Corleto's initial removal order,

---

[1] While Corleto challenged his reinstated removal order in his first petition, his arguments there are limited to the IJ's negative determination regarding his fear of returning to El Salvador.

5

and, thus, it properly denied his motions to reopen. Because we conclude that the BIA did not have jurisdiction to consider Corleto's motions to reopen, we need not address his arguments regarding equitable tolling and the BIA's sua sponte authority.

**PETITIONS DENIED.**